This is an action upon a promissory note executed by the defendant on or about November 25, 1922, payable to the Farmers Merchants Bank of Hunter, North Dakota, or order. The note is in the sum of $616 and bears interest at the rate of six per cent per annum from date until paid. Subsequently the payee bank became insolvent and the plaintiff Baird was duly appointed receiver thereof. The note in suit came into his hands among the other assets of the bank. The defendant failed or refused to pay the note and the plaintiff instituted this action. The allegations of the complaint are in the usual form. The defendant in his answer admitted the corporate capacity of the bank, its insolvency and the appointment and qualification of the plaintiff Baird as receiver. He further admitted "that on or about the 25th day of November, 1922, he executed a promissory note substantially as described in said complaint, but in this connection alleges that said note was given in renewal of certain other notes held by said Farmers Merchants Bank of Hunter, North Dakota, and said note was delivered to said bank upon the condition that said former notes should be returned to defendant before said note should take effect and be binding upon the defendant and before said delivery of said note should be complete. That although due demand has been made for the return of said former notes, none of said notes have ever been returned to defendant."
The defendant further alleged that the note in suit "was executed in renewal of certain other promissory notes, held by said Farmers *Page 808 
Merchants Bank of Hunter, North Dakota, and that said other notes have never been returned to defendant, and defendant is informed and believes and therefore alleges the fact to be that none of said renewed notes were ever in any way marked `Renewed Note' or with any words to that effect."
The defendant as a further defense alleged that the note in suit "was executed in renewal of certain other negotiable promissory notes executed and delivered by defendant to said bank of Hunter, and that said original notes have all been transferred by said bank of Hunter to innocent third parties by due indorsement before maturity, and that upon presentation and demand for payment of said original notes defendant will become liable to any innocent third parties who may be the holders of said notes for the balance remaining due on said notes with interest, and that if judgment is rendered against him in this action he will be liable to pay both the original and the renewal notes."
The case was tried to the court, without a jury, upon the issues thus framed and resulted in findings and conclusions in favor of the plaintiff. The defendant has appealed from the judgment.
The only evidence adduced upon the trial consisted of the testimony of one Engen, the district manager of the receiver, and of the testimony of the defendant Goforth. The defendant testified that the signature to the note in suit was his signature; that he signed the note on his farm near Hunter at the request of one Collins, the then cashier of the Farmers and Merchants Bank of Hunter; that when he signed the note the amount thereof was not stated, i.e., that the amount of the note was left blank; that it was understood that the note was given to take up certain past due notes of the defendant, then owing to the Farmers Merchants Bank of Hunter; and that it was further understood that Collins, the cashier, would fill in in the blank line the amount due upon all the outstanding notes held by the bank against the defendant; that at the time the note was executed Collins stated: "The old notes are in Fargo and I will send down and get them and mail them out to you, and this new note is to take effect when you get your old notes." The defendant further testified that on or about November 1, 1923, he went to the bank at Hunter and saw the cashier, Collins; that Collins then informed him that the bank had not yet received the old notes from the parties in whose possession they were at the time the note in suit was *Page 809 
executed; that at that time the defendant paid Collins $182 in currency to apply on his debt and demanded a return of the old notes; that Collins, the cashier, thereupon replied: "You know how these banks are pushed at this time and I got these down to Fargo and I will take my car and drive down there tomorrow and bring them to you." Engen, the district manager of the receiver, testified that the assets and records of the bank were turned over to him by the state examiner after the bank was closed and that he has been in charge thereof since that time. He identified as records of the bank a book containing a record of the bills receivable; also a "note settlement" record. The bills receivable record shows that past due promissory notes held by the bank against the defendant Goforth on November 25, 1922, aggregated in all, for principal and interest, $616. The entries in this record further show that all these notes were paid on November 25, 1922. The note settlement record shows that the note in suit was taken in payment of principal and interest due on such former outstanding notes. The district manager further testified that such old notes were not among the assets of the bank, which came into the hands of the receiver, nor were they among collateral pledged by the bank as security for loans.
While the issue was not presented by the answer, the defendant in his testimony, in effect, disputed that he was indebted to the Farmers Merchants Bank of Hunter on November 25, 1922, in the amount for which the note was taken. He testified that he had not executed some of the notes which the bills receivable record of the bank listed against him as being outstanding on November 25, 1922, and which notes, according to the records of the bank, were paid by the note in suit. And, although no plea of payment was contained in the answer, the defendant, as already indicated, further testified that on or about November 1, 1923, he paid the sum of $182 to bank.
The defendant's testimony tending to dispute that he was indebted to the bank on November 25, 1922, in an amount equal to the note in suit is far from satisfactory. The trial court in a memorandum opinion said: "The testimony of the defendant was largely guesswork and uncertainty, and his positiveness was only as to the claimed condition of giving the note in question, this being his only hopeful defense." And after a review and consideration of all the evidence the *Page 810 
trial court concluded that the defendant had failed to establish any of his defenses; but allowed defendant a credit upon the note in suit for $182, which sum defendant claimed to have paid on or about November 21, 1923.
After careful consideration of all the evidence we see no reason for disturbing the decision of the trial court. The plaintiff produced upon the trial a promissory note, executed by the defendant, payable to the Farmers Merchants Bank of Hunter. The note is in all respects regular upon its face and the undisputed evidence is that such note was executed by defendant.
The note is deemed prima facie to have been issued for a valuable consideration (Comp. Laws 1913, § 6909), and there is a recital in the note to the effect that it was issued "for value received." The plaintiff is deemed prima facie to be a holder thereof in due course. Comp. Laws 1913, § 6944. It is presumed that there was a valid and intentional delivery thereof by the defendant to the payee named therein (Comp. Laws 1913, § 6901), and defendant had the burden of proving that there was no valid and intentional delivery (§ 6901 supra).
The trial judge, who heard defendant's story as it fell from his lips and observed his demeanor upon the witness stand, arrived at the conclusion that the defendant had failed to establish any of his defenses. The trial court's decision involved a determination of the credibility of the defendant and the weight of his testimony. Mead v. Mead, 28 S.D. 131, 132 N.W. 701. The trial court determined these questions against the defendant; and "the findings of the trial court come here with all the presumptions in favor of their correctness, and with the burden resting upon the party alleging error of demonstrating the existence of such error. He must be able to show this court that such finding is against the preponderance of the testimony, and where the finding is based upon parol evidence, it will not be disturbed, unless clearly and unquestionably opposed to the preponderance of the testimony." State Bank v. Maier, 34 N.D. 259, 268, 158 N.W. 346.
We are wholly agreed that the appellant here has failed to sustain the burden resting upon him. The findings of the trial court in this case are not opposed to the preponderance of the evidence.
The judgment appealed from must be affirmed. It is so ordered.
BIRDZELL, NUESSLE, BURR, and BURKE, JJ., concur. *Page 811