A. V. ZUBER, as Administrator of the Estate of Andrew Dufva, Deceased, Appellant, v. ERICK H. ERICKSON, Respondent.

(226 N. W. 510.)

Opinion filed July 26, 1929.

. *W. J. Mayer* for appellant.

. *B. F. Whipple* and *John O. Hanchett,* for respondent.

Burr, J. The plaintiff, as administrator of the estate of Andrew Dufva, deceased, seeks to recover from the defendant possession of five certificates of deposit aggregating $2,500, claiming they belong to the estate. The defendant says that Andrew Dufva during his last illness made him a gift of these certificates and under circumstances which impressed the giver with expectation of speedy death.

The only testimony offered was offered by the defendant and at the close of the case both sides moved for a directed verdict. The trial court made findings and conclusions in favor of the defendant. From the judgment entered thereon the plaintiff appeals. There are twelve specifications of error but these are grouped around two main propositions—that the findings are not supported by the evidence, and that the court erred in its conclusions and finding the gift to be a gift causa mortis.

The court found:

"That for many years prior to the death of said Andrew Dufva a close friendship existed between the defendant, and the said Andrew Dufva, they having worked on the railroad together in the State of Wisconsin in about the year 1886, and in about the year 1888 the defendant and Dufva filed on land as homesteads in the county of Benson, and state of North Dakota, and they continued to live thereon, and during all of the time and up to the time of the death of the said Andrew Dufva such friendship continued to exist between them; and that during the time they lived upon the homesteads they worked their lands together, and during the part of the time lived together in the same house, and after the defendant was married, Dufva continued to live with the defendant and his family in their home for a part of the time, and at times when he was not living with the defendant, the defendant and his family often prepared meals for him, and Mrs. Erickson helped to care for him, did baking and washing for him up to the time of his death."

"That the said Andrew Dufva still owned his homestead up to the time of his death, and a few years prior to his death purchased a house in the town of Bremen, Wells county, North Dakota, to which place he

moved, and established his residence. The intimacy and friendship between Dufva and the Erickson family continued and some of the Erickson family often called on Dufva while he lived in Bremen, and continued to furnish him with butter, eggs, bread and other provisions from their farm.

"One of the Erickson children attended school at Bremen and while so attending school made his home with Dufva, and helped to care for him."

"That Dufva died intestate, and has no legal heirs in the United States. And at the time of his death was the owner of his homestead and the house in Bremen and other property. And about one week prior to his death was the owner and holder, and had in his possession certain certificates of deposit issued to him by the State Bank of Bremen, and described as follows:

1 Cert. of Deposit dated February 7, 1925 for $1,000
1 Cert. of Deposit dated March 1, 1925 for 300
1 Cert. of Deposit dated April 7, 1925 for 200
1 Cert. of Deposit dated May 21, 1925 for 800
1 Cert. of Deposit dated June 7, 1925 for 200

"That for some time prior to his death, Dufva was sickly and in failing health, and about one week prior to his death was at his house in Bremen with the defendant and his children, and he was then about to be taken to the hospital at New Rockford, Eddy county, North Dakota; and he then realized that he was seriously ill, and believed that death was imminent, and probably within a short time, and that he might not return from the hospital, and he being in fear and peril of death, and then realizing that the sickness with which he was then suffering might soon result in his death, and while he was at his home with the defendant, and the defendant's minor children, took the certificates of deposit from an adjoining room in his house, and delivered them to the defendant, and then made a statement to the defendant that he wanted him to keep such certificates for him, and upon a question from the defendant as to what he should do with the certificates of deposit if anything happened, thereto Dufva replied 'Keep them, they are yours.'

"That it was then and there the intention of Dufva at said time and

place to make a gift of the said certificate of deposit in præsenti to the defendant E. H. Erickson to become effective, however, only upon the death of the said Dufva as provided by § 5541 of the Compiled Laws of 1913, and said Erickson has since retained and has possession of the said certificates of deposit."

This is not a trial de novo and even if we were to examine the evidence the findings of fact would be presumed to be correct, and would "not be disturbed unless shown to be clearly opposed to the preponderance of the evidence." Baird v. Goforth, 54 N. D. 805, 211 N. W. 587. See Andersen v. Resler, 57 N. D. 655, 223 N. W. 710, where our decisions are collected.

A gift causa mortis is defined in §§ 5541 and 5542 of the Code as follows:

"*In view of death defined.* A gift in view of death is one which is made in contemplation, fear or peril of death and with intent that it shall take effect only in case of the death of the giver."

"*When presumed.* A gift made during the last illness of the giver or under circumstances which would naturally impress him with an expectation of speedy death is presumed to be a gift in view of death."

The burden is upon the donee to establish such a gift. McConville v. Ingham, 268 Pa. 507, 112 Atl. 85. The claim must be sustained by clear and satisfactory evidence of every element which is required to constitute a gift. Garner v. Bemis, 81 Fla. 60, 87 So. 426; Atchley v. Rimmer, 148 Tenn. 303, 30 A.L.R. 1481, 255 S. W. 366; Stewart v. Tolar (Tex. Civ. App.) 250 S. W. 274. Delivery of the property must be made to the donee before the death of the donor. Noble v. Garden, 146 Cal. 225, 79 Pac. 883, 2 Ann. Cas. 1001. This delivery must be made with intent to then and there make a gift as both the intent and delivery are essential. See Mangan's Will, 185 Wis. 328, 200 N. W. 386. It was not necessary to have the donor endorse the certificates. It is the delivery which is necessary to constitute the transfer and the lack of endorsement may increase the difficulty of proof but the gift is the gift of the maker represented by the endorsements, and therefore it is not essential to have the endorsement. This is the holding of this court in the case of Rosenau v. Merchants Bank, 56N. D. 123, 60 A.L.R. 1040, 216 N. W. 335, where we held "a certificate of deposit payable to a designated payee or order and not in-

dorsed may be the subject of a gift causa mortis." See also Chase v. Redding, 13 Gray, 418; Parish v. Stone, 14 Pick. 203, 25 Am. Dec. 378.

It is the claim of the plaintiff, however, that the findings and the evidence show that there was no real transfer of title because it was the contemplation of the donor that there was to be a transfer only in case he died. This is not the finding or the evidence. The plaintiff cites the case of Basket v. Hassell, 107 U. S. 602, 27 L. ed. 500, 2 Sup. Ct. Rep. 415, where it is held that "if the gift does not take effect as an executed and complete transfer to the donee of possession and title, either legal or equitable, during the life of the donor, it is a testamentary disposition, good only if made and proved as a will." In this case the certificates of deposit were endorsed by the donor as follows: "Pay to Martin Basket . . . no one else; then, not till my death. My life seems to be uncertain. I may live through this spell. Then I will attend to it myself." It was held that this did not transfer the title; but it was only in case the donor died there was to be a transfer. Thus the case cited is not in point for here the evidence and the findings show that there was an unconditional delivery and transfer of title. The donor said "Keep them. They are yours." It is true § 5543 of our Code (Comp. Laws 1913) makes such a gift revocable in case the donor recovers from his illness; but this does not affect the nature of the gift. As stated in Gass v. Simpson, 4 Coldw. 288 (quoted in the Basket v. Hassell Case, supra) : "The donee is vested with an inchoate title and the intermediate ownership is in him; but his title is defeasible until the happening of the event necessary to render it absolute." This is the situation here, and is such as is contemplated by our statute. There was no limitation, qualification or restraint on the authority of the donee to collect the money represented by these certificates of deposit even before the death of the donor. It was the finding and conclusion of the trial court that the evidence showed a gift causa mortis and judgment was entered accordingly. This judgment is correct and is therefore affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.