JACK NESBEN, Respondent, v. RICHARD W. KOOS and Federal System of Bakeries of Northwest, Inc., a Foreign Corporation. FEDERAL SYSTEM OF BAKERIES OF NORTHWEST, INC., a Foreign Corporation, Appellant.

(229 N. W. 368.)

270

Conmy, Young & Burnett, for appellant.
Bergesen & Haakenstad, and W. H. Barnett, for respondent.

PER CURIAM. On January 24, 1927, R. W. Koos signed a criminal complaint charging one Jack Nesben with grand larceny. The charge was predicated upon the alleged theft of a book of formulas charged to have been the property of the Federal Bakery of Fargo, North Dakota. On this complaint a warrant of arrest was issued by a police magistrate on the same day. On March 4, 1927, Nesben was arrested in Grand Forks by the sheriff of that county where he was lodged in jail to await the arrival of the sheriff of Cass county. Later on the same day he was taken to Fargo by the sheriff of Cass county and in default of bail in the sum of $500 he was placed in the Cass county jail pending a hearing before the magistrate. At the time set for the hearing on March 5th Nesben appeared with his attorney and after some discussion between the parties, including the complaining witness, the assistant state's attorney and the magistrate, the defendant was discharged. He later brought the present action against the complaining witness and his employer, Federal System of Bakeries, to recover damages for malicious prosecution. In the lower court he recovered a judgment for $800 and costs, and the defendant Federal System of Bakeries of Northwest, Inc., appeals.

We need not consider all the errors assigned on this appeal. The appellant relies upon the fundamental rule that a principal is not liable for the tort of his agent unless committed while the latter was acting within the scope of his authority and that, as applied to an action for malicious prosecution arising out of the act of the agent in causing the arrest of one charged with having stolen property belonging to the principal, the latter is not liable if the agent was acting merely for the

purpose of seeing that justice was done to an offender. The further contention is made that if the criminal prosecution was discontinued by agreement of the complaining witness, the state's attorney and the defendant, sanctioned by the magistrate, or if any civil liability arising therefrom was compromised, the action cannot be maintained.

There is little evidence in the record to indicate that the recipe book which was the subject of the alleged larceny belonged to the defendant company. It was contended by the defense that it belonged to Koos and not the company. On that subject the court instructed the jury as follows: "If you find that the man Koos was in the employ of the Federal Bakery Company, and he was managing their business at this time in Fargo, and had charge of the same, and that he charged the plaintiff with grand larceny, and larceny of property that was claimed to belong to the defendant bakery company, and in fact did belong to the defendant bakery company, and you find that the defendant had no reasonable ground, or reasonable cause to ask to have the warrant issued and to make the complaint, but he made it without any reasonable cause or reasonable belief that a crime had been committed, then and in that case the plaintiff would be entitled to recover both as against the bakery company and the defendant Koos." This instruction amounts to a statement that the defendant company is liable if in fact the book belonged to it even though Koos was acting merely to vindicate the criminal law and not in pursuance of any authority vested in him by his principal. Accentuating this error the court further charged that if the book did not belong to the bakery company and Koos' act in procuring the arrest was not known by the company, they should render a verdict for the bakery compay. Proof that Koos was manager and of the principal's ownership of the property alleged to have been stolen is not conclusive proof of authority to procure the arrest.

The general rule that a principal is liable for the act of his agent only when the latter is acting within the scope of his authority is applicable to actions for malicious prosecution, and the rule is the same whether the employer be an individual or a corporation. As said in 18 R. C. L. p. 65, "The question whether or not the person causing the wrongful arrest was an agent, and acting within the general scope of his authority, is for the jury under proper instructions. Ordinarily the arrest or criminal prosecution of an offender, even where the offense was

against the property of the principal, is not within the scope of an agent's employment. In doing such act the agent acts in response to his duty as a citizen to see that public justice is done by punishing the offender. He by such an act does not, in theory of law, seek to punish the supposed theft because he has wronged the principal, but because he has wronged the state." While there is some evidence in this case indicating that the agent was prompted by the desire to protect his principal's business against the unauthorized use of proprietary formulas, this would not justify the giving of the erroneous instruction above set out.

With reference to the compromise of the right to bring a civil action for damages, the court charged that the receipt by the plaintiff of a check (Koos' personal check) covering his fare back to Grand Forks "would not of itself be a waiver of a right to bring a civil action, even though the statement may have been made orally that upon paying that fare, he would not bring a civil action. The mere payment of the fare was reimbursement, if it was paid, of an expense that necessarily followed upon plaintiff's arrest, and could not separately be considered a financial settlement of any right of action against the defendant, the bakery company." The vice in this instruction is contained in the assumption that upon the dismissal of the charge a right of action against the defendants necessarily existed in which Nesben was entitled as an element of damage to be reimbursed for the railroad fare to the place from which he had been taken by the sheriff. The element of uncertainty as to the plaintiff's right to maintain *any* civil action on account of the prosecution necessarily affected every item of damage that might have been claimed. There was evidence tending to show that the plaintiff herein, upon the dismissal of the criminal prosecution, was willing to accept his railroad fare back to the place from which he had been taken and consider the entire affair, including the right to recover damages, a closed book. If this check were taken by the plaintiff in satisfaction of his claim, it would amount to an accord and satisfaction. Comp. Laws 1913, §§ 5825, 5827.

For these errors, the judgment must be reversed. We feel that we should say, too, that a majority of the members of the court are of the opinion that on the record presented here there appears to be no cause

of action, but we shall not direct a dismissal in view of the possibility that the defects in the proof of authority might possibly be supplied upon another trial. Judgment reversed.

Burke, Ch. J., and Birdzell, Nuessle, Burr, and Christianson, JJ., concur.