[File No. 6137.]

S. F. CORWIN, Respondent, v. A. WELLS, Appellant.

(246 N. W. 918.)

Opinion filed February 20, 1933. Rehearing denied March 6, 1933.

P. W. Lanier, for appellant.

A. W. Lylmer, for respondent.

Burr, J.   Plaintiff seeks to recover upon a promissory note for $2,000 executed and delivered to him by the defendant.

The defendant admits the execution and delivery of the note; but as defense alleges that this is the renewal of a note given in a transaction with the plaintiff wherein plaintiff induced him to become a director of the James River National Bank and to accept twenty shares of stock therein upon an agreement that when he ceased to be director and desired to return the stock his note would be surrendered to him and that whatever dividends would be received from the stock would be applied as interest on the note. He further alleges that in 1927, 1928 and 1929 he notified the plaintiff he no longer desired to serve as director and offered to surrender his stock upon the return of his note.

The case was tried to the court—a jury being waived—and judgment was entered in favor of the plaintiff for the amount of the note with interest, and defendant appeals.

The specifications of error set forth that the court erred in finding and entering judgment for the plaintiff; and "in denying and refusing the defendant's motion to vacate the judgment herein and to enter judgment for the defendant and in the alternative for a new trial." There are also four specifications of error of insufficiency of the evidence to justify the verdict.

The defendant was the sole witness. He says that in 1913 the plaintiff told him he had ten shares of stock and would like to have the defendant as a director of the James River National Bank and he would turn over to the defendant the stock, the defendant to give him a note for $2,000 at 7% interest; that at any time the defendant did not want to be a director he could return the stock; that plaintiff at that time was the Vice-President of the bank; that he received stock issued in his own name, accepted it, made and executed the note, became a director in January, 1914, and continued as director until October, 1929, at which time the bank was reorganized and taken over by the Bank corporation; that he became a director of the bank under the new organization and remained as such director for a short time; that the note which he gave for the stock was renewed and the present note given; that all the time from the execution of the first note until and including the year 1929 he paid interest annually; that when the bank was reorganized the stock of the James River National Bank which

he had received "was called in and in return they issued him James River Holding Company stock, ten shares, the same number of shares he had with the James River National Bank;" that this new stock was issued October, 1929; that the old bank quit business as such and the new corporation took over the institution as the "James River National Bank and Trust Company," that he gave up his stock in the old bank and took stock also in this reorganized bank; that the others did the same thing and that all the stock was turned in and the stock obtained from plaintiff was cancelled; that he became a director of the new institution and that he now has stock in the James River Holding Company; that when he ceased to be a director of the new institution he tendered to the plaintiff the stock in the holding company and asked for his note back. The defendant admits that he received and kept the dividends on the stock obtained from plaintiff and received salary as director; but nowhere does he say that any portion of this was applied on the payments of interest regularly paid by him. Defendant also admitted on the stand that from time to time he made oath to the United States Comptroller of the Currency to the effect that he was "the owner in good faith, and in his own right, of a number of shares of stock of the aggregate par value required by said statutes subscribed by him or standing in his name on the books of the said Association; that the same is not hypothecated or in any way pledged as security for any loan or debt." He admits that when he asked the plaintiff to surrender the note and accept the return of the stock that the plaintiff said he did not remember making such an agreement; and also admits that in 1931 plaintiff's agent tried to collect the interest for 1930 and that at that time he refused to pay the interest, that he told him he was leaving on a trip but on his return he might pay it, that when told that times were hard and the plaintiff needed the money he stated that times were hard for him also, but offered to give some land in payment for this note; that he did not say he would not pay the principal and that up to and including 1929 he always paid the interest without being asked for it.

The findings of the trial court, in a case properly triable to the jury, "are presumed to be correct, and when such findings are based on parol evidence they will not be disturbed unless shown to be clearly opposed to the preponderance of the evidence even if they do not have

the force of a verdict." Baird v. Goforth, 54 N. D. 805, 211 N. W. 587; Andersen v. Resler, 57 N. D. 655, 664, 223 N. W. 707.

On review of the testimony we are satisfied there is ample evidence to sustain the findings and therefore the judgment is affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, BIRDZELL and BURKE, JJ., concur.