Paul CAMPBELL, Plaintiff and Appellant,

v.

Abel BEATON, Defendant and Respondent.

No. 8015.

Supreme Court of North Dakota.

Aug. 30, 1962.

Rehearing Denied Oct. 2, 1962.

Waldron & Kenner, Minot, for plaintiff and appellant.

Joseph P. Stevens, Minot, for defendant and respondent.

STRUTZ, Judge.

This action was instituted for the recovery of $129, an alleged balance due the plaintiff for services rendered as an attorney. The record discloses that the defendant, over a period of several years, had employed the plaintiff to prepare his Federal and State income-tax returns. The plaintiff testified that there had been no definite agreement between the parties for the amount to be paid for such services, and that his charges were fifty dollars for preparation of each year's returns. The defendant, on the other hand, testified that

there had been a definite agreement that the plaintiff would charge twenty-five dollars for such services and that this would be the sum to be paid by the defendant for each year's returns.

The plaintiff's complaint alleges the services rendered and the charges for such services, and sets forth the payments made by the defendant to apply on his account. According to the plaintiff's complaint, the last payment made by the defendant was on February 12, 1958, when a payment of twenty-five dollars was made. The last services rendered by the plaintiff were for preparing and filing the defendant's 1957 Federal and State income-tax returns. These were prepared and filed on February 15, 1958.

The defendant's answer denies that there is any balance due the plaintiff and alleges that all services which had been rendered by the plaintiff had been paid for in full.

The evidence discloses that, in addition to the payments credited to the defendant's account by the plaintiff, the defendant had made a payment on November 13, 1958, in the sum of twenty-five dollars. This payment was in addition to those which the plaintiff, in his complaint, admitted receiving. The defendant testified that, in November of 1958, he was preparing to leave the State of North Dakota and that, prior to his departure, he called on the plaintiff at his office and asked the plaintiff how much he owed on his account. Defendant further testified that the plaintiff informed him, on that occasion, that the balance due was twenty-five dollars. The defendant thereupon paid that amount, and he introduced a check for such payment as an exhibit in the case. No further services are claimed to have been rendered by the plaintiff after the date of such payment, on November 13, 1958.

On this record, the court, sitting without a jury, found that the payment of twenty-five dollars made by the defendant to the plaintiff on November 13, 1958, was accepted by the plaintiff as a final payment, in full settlement of the account between the parties, and that the defendant was not indebted to the plaintiff in any further amount. From judgment dismissing the plaintiff's complaint, the plaintiff has appealed to this court.

■ The trial court found that the parties had entered into an accord and satisfaction. "Accord and satisfaction" is a method of discharging a contract or cause of action by which the parties agree to give and accept something in settlement of a claim or demand of one against the other, where they thereafter perform such agreement. The "accord" is the agreement and the "satisfaction" is its execution or performance. Secs. 9–13–04 and 9–13–05, N.D. C.C.; Nesben v. Koos, 59 N.D. 269, 229 N.W. 368; 1 C.J.S. Accord and Satisfaction § 1, p. 462.

■ In cases tried without a jury, where a jury has been waived either by stipulation or by consent of the parties, the findings of the trial court presumably are correct and will not be disturbed unless shown to be clearly against the preponderance of the evidence. Rasmussen v. Chambers, 52 N.D. 648, 204 N.W. 178; Baird v. Goforth, 54 N.D. 805, 211 N.W. 587.

The findings of the trial court in this case therefore are entitled to appreciable weight on this appeal. Dockter v. Crawford (N.D.), 65 N.W.2d 691; Shong v. Farmers' & Merchants' State Bank (N.D.), 70 N.W.2d 907; Hoffer v. Crawford (N.D.), 65 N.W.2d 625; Ginter v. Ginter (N.D.), 63 N.W.2d 394.

■ The evidence in this case has been carefully examined, and we believe such evidence fully supports the court's findings. The fact that the plaintiff failed to have any record of the final payment made by the defendant on November 13, 1958, and the fact that the plaintiff failed to mention such payment in his complaint, and the further evidence by the defendant that, when he was about to leave the State, in November of 1958, he went to the plaintiff's office and

requested a statement for any balance due on his account and was told that such balance was twenty-five dollars, which sum was immediately paid, would, if such testimony were believed by the trial court, amply justify the findings made by that court. The trial court obviously did believe that an agreement as to the balance due had been reached between the parties and that such sum had been paid pursuant to such agreement.

The plaintiff has failed to show that such findings are clearly against the preponderance of the evidence, and therefore the findings of the trial court must be adopted.

The judgment of the district court is affirmed.

SATHRE, C. J., and TEIGEN, BURKE and MORRIS, JJ., concur.

On Petition for Rehearing.

STRUTZ, Judge.

The plaintiff has filed a petition for rehearing in which he points out, among other things, that "accord and satisfaction" was not specifically pleaded by the defendant, and that the defendant's answer merely alleged payment of his indebtedness to the plaintiff.

 The lines of distinction between "accord and satisfaction," "compromise," "settlement," or "payment" are not always clearly drawn. The defendant did allege, and throughout the trial contended, that he had fully paid his indebtedness to the plaintiff. In addition, he proved that, on November 13, 1958, which was approximately nine months after plaintiff had rendered his last services to the defendant, he went to the plaintiff's office and paid to the plaintiff personally the sum of twenty-five dollars, which the court found to be a final payment in settlement of accounts between the parties. The court in its findings said:

"That on or about the 13th day of November, 1958, the Defendant paid to the Plaintiff, the sum of $25.00, which payment was made by the Defendant, and which payment was accepted by the Plaintiff as final payment, in settlement of accounts between the parties."

This finding by the trial court was in effect a finding of accord and satisfaction, even though that term was not used. We agree with that finding.

Petition for rehearing denied.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.