## Roman Catholic Diocese of Burlington, Inc.; Maternity of the Blessed Virgin Mary and Rev. James Shea v. Paton Insulators Inc.; KemaNobel Corp.; AB Casco Corporation

[501 A.2d 1187]

No. 84-551

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed September 20, 1985

*Barry J. Polidor* and *Frank H. Olmstead* of *Brownell & Moeser*, Springfield, for Plaintiffs-Appellants.

*Miller, Norton & Cleary*, Rutland, and *Joseph G. Manta, William R. Hourican*, and *James M. Marsh, Jr.*, of *Frumkin & Manta*, Philadelphia, Pennsylvania, for Defendants-Appellees KemaNobel Corp. and AB Casco Corporation.

**Allen, C.J.** This case is an appeal from the dismissal for lack of personal jurisdiction pursuant to V.R.C.P. 12(b)(2) of plaintiffs' action for strict liability, breach of warranty, and negligence, arising from the installation of urea formaldehyde foam (UFF) insulation. We reverse.

Defendant KemaNobel Corp. is a Swedish corporation which manufactures chemicals. KemaNobel's subsidiary, defendant AB Casco, manufactures a resin which is used in the manufacture of UFF insulation. Casco sold the resin to Atlantic Foam Distributors, located in Pennsylvania, which marketed it as "Dyna-Foam." Atlantic, in turn, sold the resin to Anderson Foam Distributors, a Massachusetts corporation. Anderson sold the resin to Paton Insulators, Inc., a Vermont corporation, which used it to produce and install UFF insulation into the walls and ceiling of a building subsequently purchased by the Roman Catholic Diocese

of Burlington, Inc. (Paton was not a party to the motion which is the subject of this appeal.) The suit brought by the plaintiffs sought recovery for damages alleged to have been caused by the presence of the UFF insulation.

Upon appeal, the plaintiffs claim that the dismissal for lack of personal jurisdiction was error.

In its order granting the defendants' motion to dismiss, the court concluded on the basis of affidavits submitted by all parties that "Defendants AB Casco and KemaNobel AB exercised no control over the resin or its distribution after exporting it to Atlantic. Neither did these Defendants have any interest in or control over the trade name Dynafoam or advertisements therefor."

■ ■ A defendant asserting that the court lacks jurisdiction over the person may raise such a challenge by motion following service of the summons and complaint. V.R.C.P. 12(b). The rule contemplates the determination of jurisdictional issues in advance of trial. 2A Moore, Federal Practice ¶ 12.16, at 2352-54 (3d ed. 1968). In deciding a pretrial motion to dismiss for lack of jurisdiction over the person, a court has considerable procedural leeway, and may determine the motion on the basis of affidavits alone; may permit discovery concerning the motion; or may conduct an evidentiary hearing on the merits of the motion. *Marine Midland Bank, N.A.* v. *Miller*, 664 F.2d 899, 904 (2d Cir. 1981). The latter course is desirable where the written materials have raised questions of credibility or disputed issues of fact. If the court chooses to determine the issues on the basis of affidavits alone without an evidentiary hearing the plaintiff is only required to make a prima facie showing of jurisdiction, that is, he need only demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss. *Welsh* v. *Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980).

■ The court here determined conflicting issues of fact in favor of the moving party on the basis of all of the affidavits. The court should have either determined whether the plaintiffs had made a prima facie showing of jurisdiction in their submissions, or held an evidentiary hearing. The decision as to which path to follow is one to be made at the trial court level. Accordingly, the

matter is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*