### James and Florence Godino v. Marilyn Cleanthes

[656 A.2d 991]

No. 93-580

Present: **Allen, C.J., Gibson, Dooley and Morse, JJ., and Maloney, Supr. J., Specially Assigned**

Opinion Filed January 27, 1995

*Thomas W. Costello* and *Joel T. Faxon*, Law Clerk (On the Brief), of *Thomas W. Costello, P.C.*, Brattleboro, for Plaintiffs-Appellants.

*Patricia M. Beu* and *Katherine S. Dodge* of *Fitts, Olson, Carnahan & Giddings*, Brattleboro, for Defendant-Appellee.

**Morse, J.** Plaintiffs James and Florence Godino, Florida residents, appeal a Windham Superior Court order dissolving an ex parte writ of attachment and dismissing their action to collect on a promissory note for lack of personal jurisdiction over defendant, Marilyn Cleanthes. We reverse.

Defendant, along with her estranged husband, gave plaintiffs an unsecured promissory note in the amount of $20,000. They executed the note in New York state in 1988. After separating from her husband, defendant moved to a house she owns in Wardsboro, Vermont, where she lived for several years. Believing defendant lived in Wardsboro, plaintiffs instituted suit in Vermont. Plaintiffs obtained an ex parte writ of attachment of defendant's property, alleging that she had fled and encumbered property in the past and was likely to dispose of it. Plaintiffs served notice of the proceedings on defendant by leaving the summons, complaint, motion for writ of attachment, and writ of attachment with defendant's adult son, who continued to live in the Wardsboro home.

On October 15, 1993, defendant filed a notice of limited appearance and a motion to dissolve the writ under V.R.C.P. 4.1(e) and to dismiss plaintiffs' complaint pursuant to V.R.C.P. 12(b)(1), (2), and (5). Plaintiffs then served defendant in Florida.

At the time plaintiffs brought suit in August 1993, defendant claimed to have been absent from Vermont for several months.

According to her affidavit, defendant left Vermont for Florida in December 1992. She sought state services there and obtained a full-time job in May 1993. She then leased an apartment in June 1993. Defendant, nevertheless, retained her home in Wardsboro, remained a licensed driver in Vermont, and continued to register her car in Vermont.

In its order granting defendant's motion to dismiss, the court limited its review to minimum contacts jurisdiction and concluded solely on the basis of affidavits that "defendant's mere ownership of property in Vermont, without more, is not sufficient to allow this court to assert jurisdiction over the defendant." Plaintiffs appeal this ruling, arguing that they have made out a prima facie case of quasi-in-rem jurisdiction and personal jurisdiction based on domicile and minimum contacts. Because plaintiffs have made a prima facie showing of personal jurisdiction based on defendant's domicile in Vermont, we do not reach the other issues.

■ A court has discretion to decide a pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, to permit discovery, and to conduct an evidentiary hearing. *Roman Catholic Diocese of Burlington, Inc. v. Paton Insulators Inc.*, 146 Vt. 294, 296, 501 A.2d 1187, 1188 (1985). It is preferable to conduct an evidentiary hearing on the merits of the motion where there are questions of credibility or disputed issues of fact. *Id.* If a court chooses to rule on a motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, the party opposing a motion need make only a prima facie showing of jurisdiction, or, in other words, demonstrate facts which would support a finding of jurisdiction. *Id.*; see also *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981) (until plaintiff proves jurisdiction by preponderance of evidence at evidentiary hearing or trial, prima facie showing suffices notwithstanding controverting evidence of moving party). Plaintiffs' burden, then, is relatively slight. *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980). The trial court must make its ruling as a matter of law, and appellate review is nondeferential and plenary. *United Elec. Radio & Machine Workers of America v. 163 Pleasant St. Corp.*, 987 F.2d 39, 44 (1st Cir. 1993).

■ Defendant concedes that domicile continues to be a valid basis of jurisdiction, and we agree. *Milliken v. Meyer*, 311 U.S. 457, 464 (1940), firmly established that assertions of personal jurisdiction over absent domiciliaries comport with due process. See *International*

*Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citing *Milliken*, 311 U.S. at 463 for "traditional notions of fair play and substantial justice" standard satisfied there); see also Mary Twitchell, *The Myth of General Jurisdiction*, 101 Harv. L. Rev. 610, 633 n.111 (1988) (general personal jurisdiction based on domicile so well accepted that never challenged).

■■ Defendant maintains she is not domiciled in Vermont. Domicile is (1) "'a place where a person lives *or* has [her] home,'" *Piche v. Department of Taxes*, 152 Vt. 229, 232, 565 A.2d 1283, 1285 (1989) (quoting *Tower v. Tower*, 120 Vt. 213, 221, 138 A.2d 602, 607 (1958)) (emphasis added), and (2) a place to which the person intends to return if absent and "from which [s]he has no present purpose to depart." *Id.* Plaintiffs alleged that defendant resided in Wardsboro, and the parties' submissions show that defendant owns a residence there. Further, the parties' submissions show that defendant registered her car in Vermont and retained her Vermont driver's license. These facts, taken as true and viewed most favorably to plaintiffs, show that defendant has her home in Vermont and was only temporarily absent.

Although one can change domicile by moving to a new residence and dwelling there with the intent to remain indefinitely, "[a]n essential ingredient of the intention requirement is the intent to give up the old domicile." *Id.* Defendant's retention of the home, license, and registration evidence the opposite intent, the intent to keep the old domicile. Consequently, plaintiffs have met their prima facie burden of proving personal jurisdiction.

*Reversed and remanded.*