Kaser USA, LLC v. Seabreeze Trading Corp., No. 204-9-09 Oecv (Eaton, J., Mar. 14, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                             CIVIL DIVISION
Orange County                                               Docket No. 204-9-09 Oecv

Kaser USA, LLC
      Plaintiff

v.

Seabreeze Trading Corp.
      Defendant


Entry Order on Defendant's Motion to Dismiss

      On some level, this is (or should have been) a straightforward business dispute. Plaintiff Kaser USA is the North American representative of an Italian ski company that manufactures conveyor-belt ski lifts. Its predecessor-in-interest hired defendant Seabreeze Trading Corporation to act as its agent for purposes of ski-lift sales in a defined territory covering parts of Canada and the western United States. Plaintiff alleges that Seabreeze arranged for the sale of a conveyor-belt lift to a resort in Alberta, Canada, but then kept the deposit money for itself rather than remitting it to plaintiff in accordance with the agency agreement. Plaintiff alleges breach of the agency agremeent.

      Complications have arisen regarding plaintiff's choice of forum and the corporate structure of the various Kaser entities. Defendant contends that the complaint should be dismissed either for lack of personal jurisdiction or because Vermont is an inconvenient forum for the resolution of the dispute. Defendant also argues that Kaser USA is not the real party in interest.

      Consistent with the understanding that was reached at the September 2010 status conference, the court addresses the "real party in interest" issue first. Vermont Civil Procedure Rule 17(a) requires every action to be brought in the name of the "real party in interest," meaning "the person who, according to the governing substantive law, is entitled to enforce the right." 6A Wright, Miller, Kane & Marcus, Federal Practice and Procedure: Civil 3d § 1543. In cases involving more complicated contractual arrangements, "it is not necessarily the person who has the ultimate beneficial interest who must sue but rather the person who, as a matter of substantive law, has the right to be enforced." V.R.C.P. 17(a), Reporter's Notes. The purpose of the rule "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata." 6A Federal Practice and Procedure, *supra*, at § 1543 (quotation omitted).

      Defendant argued that it signed an agency agreement with a company known as Kaser NA, and that the purchase and sale agreement for the lift was ultimately completed

by an Italian company known as Kaser GmbH. Defendant thus asserted that Kaser GmbH should be the plaintiff since it was the party that benefitted from the agreement, and that there was no evidence in the record to support the existence of an assignment from Kaser NA to Kaser USA.

After the September 2010 hearing, plaintiff submitted the following evidence on these issues. Rupert Kaser is the principal and primary shareholder of three separate Kaser companies: Kaser NA, Kaser USA, and Kaser GmbH. Kaser GmbH is the Italian company that manufactures the conveyor-belt ski lifts. Kaser NA was the North American sales representative for Kaser GmbH (and it was also the company that hired Seabreeze as its sales agent for parts of Canada and the western United States). After Kaser NA was administratively dissolved, it assigned all of its "existing contracts" to Kaser USA by an agreement dated May 1, 2009. A copy of this agreement was submitted as Exhibit D to the Affidavit of Rupert Kaser.

As explained above, a Rule 17(a) analysis does not require the court to identify the ultimate beneficiary of a contract, but rather the party entitled to enforce the contract. In this case, plaintiff is suing on the agency agreement rather than on the purchase-and-sale agreement. The parties to the agency agreement are Seabreeze and Kaser USA (by virtue of its assignment from Kaser NA). As a party to the relevant agreement, therefore, Kaser USA is the proper plaintiff to allege a breach of that agreement.[1]

Defendant also raised several arguments challenging the validity of the underlying agency agreement. These arguments are related to the merits, however, and the present motion is not the appropriate time or place for testing the merits of the case. 6A Federal Practice and Procedure, *supra*, at § 1554. All that is needed for present purposes is to make a threshold identification of the party entitled to assert rights under the agreement. Questions as to whether the agreement is enforceable are better left for resolution on the merits on the basis of a properly-developed record (and upon consideration of the applicable law).

Beyond this, there are serious questions as to whether this case was appropriately commenced in the Vermont Superior Court. As far as the court can determine from the affidavits on file, *Roman Catholic Diocese of Burlington, Inc. v. Paton Insulators, Inc.*, 146 Vt. 294, 296 (1985), the relevant facts are as follows. In the agency agreement, Kaser NA and Seabreeze agreed that "the courts of the [p]rincipal's place of business shall have non-exclusive jurisdiction to settle any dispute arising out of this [a]greement, insofar as this is permitted by law." At the time the agreement was signed, Kaser NA

---

[1] Unfortunately, this common-sense assertion is more complicated than it appears. Rule 17(a) contemplates that the action must be brought by the person who is entitled to enforce the right *as a matter of substantive law*. According to the agency agreement, the choice of law in this case is Italian law. Yet the parties have not cited *any* Italian law in *any* pleading in this case (other than the complaint, in which plaintiff mentioned that Italian law provides for recovery of attorney fees in situations where the American Rule apparently would not). As a result, the analysis here should have been focused on who was entitled to enforce the agency agreement as a matter of *Italian law*. Because the court was not provided with any resources on that issue, V.R.C.P. 44.1(a), and because the parties have not suggested otherwise, the court has assumed that Italian law would not differ from Vermont law on this basic point.

was a New Hampshire corporation with a principal place of business in Bradford, Vermont. Since that time, however, Kaser NA went out of business and assigned its contract interests to Kaser USA. Kaser USA was thus the principal at the time the complaint was filed; it is a Delaware limited liability company with a principal place of business in Connecticut.

As a general rule, the inclusion of a permissive forum-selection clause in a commercial agreement means that the parties have agreed not to contest the assertion of jurisdiction in a chosen forum, *International Collection Service v. Gibbs*, 147 Vt. 105, 107 (1986), and courts generally enforce such agreements so long as they are reasonable. *Chase Commercial Corp. v. Barton*, 153 Vt. 457, 459 (1990); see also *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13–14 (1972) (explaining that forum-selection clauses are "an indispensible element in international trade" because they allow parties to agree in advance on forums acceptable to them, and that such clauses should be enforced unless they identify a venue "so gravely difficult and inconvenient that [the defendant] will for all practical purposes be deprived of his day in court"). In cases involving forum-selection clauses, "[a] due process analysis of other minimum contacts between the defendant and the chosen forum is unnecessary as long as the forum selection clause is enforceable." *Gibbs*, 147 Vt. at 107.

Here, however, the court questions whether the parties succeeded in naming "Vermont" as the "chosen forum" for this dispute. In the agency agreement, the parties did not expressly consent to non-exclusive jurisdiction in "Vermont." Instead, they consented to jurisdiction in "the courts of the principal's place of business." That is not a fixed location but rather a floating one, subject to change in the event that the principal moves its place of business or assigns the contract to another principal. See *IFC Credit Corp. v. Rieker Shoe Corp.*, 881 N.E.2d 382, 391–92 (Ill. Ct. App. 2007) (describing floating forum-selection clauses). It thus appears to this court that the forum-selection clause may have identified Vermont *at the time the agency agreement was signed*, but that the clause no longer referred to Vermont by the time the complaint was filed.[2] After the assignment, the "courts of the principal's place of business" meant the courts of *Kaser USA's* principal place of business: Connecticut. As the court construes the contract, therefore, the forum-selection clause bestows non-exclusive jurisdiction upon Connecticut rather than Vermont.

At the September 2010 status conference, the parties suggested that there be another opportunity for discovery to develop the record on the issues of the reasonableness of the forum-selection clause and the convenience of litigating this dispute in Vermont. Before undertaking such discovery, however, the court would prefer to address the threshold legal question it has identified: whether the forum-selection clause identifies Vermont as a non-exclusive forum for this litigation. It may well be that

---

[2] To be clear, the court is not suggesting that the floating forum selection clause is unenforceable (as is discussed at length in the *IFC Credit* opinion). The court is suggesting that the forum selection clause, if construed in accordance with ordinary principles of contract interpretation, does not refer to Vermont under the circumstances that existed at the time the complaint was filed.

the answer to this question obviates the need for this court to oversee any further discovery in this case.

Although the court has signaled its doubt that the forum-selection clause identifies Vermont as an appropriate forum for this dispute, it has not made up its mind one way or another.  As a result, the court invites the parties to submit further argument or affidavits on this issue.  Plaintiff bears the burden of establishing that the forum selection clause bestows jurisdiction upon Vermont courts.  *Godino v. Cleanthes*, 163 Vt. 237, 239 (1995).  As such, plaintiff may submit any additional affidavits or argument on the issue by Monday, April 18, 2011.  Defendant may respond by Monday, May 2, 2011.  No additional replies are permitted.  The court expects to resolve this issue on the basis of the existing record and any additional affidavits offered by plaintiff.  *Roman Catholic Diocese of Burlington, Inc. v. Paton Insulators, Inc.*, 146 Vt. 294, 296 (1985).  Once this question is resolved, the court will issue a decision and let the parties know if further discovery will be necessary.

## ORDER

For the foregoing reasons, Defendant's Motion That Plaintiff Is Not A Proper Party In Interest (MPR #3, in part, filed Mar. 17, 2010) is **denied**.  Both parties are invited to submit additional materials on the jurisdictional question identified herein.

Dated at Chelsea, Vermont this _____ day of March, 2011.


_____
Harold E. Eaton, Jr.
Superior Court Judge