*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-401

APRIL TERM, 2012

| | |
|---|---|
| Stephen Bain | } APPEALED FROM: |
| | } |
| | } Superior Court, Windsor Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Peter Potanas, William Lawhorn and | } DOCKET NO. 332-6-11 Wrcv |
| Andrew Pallito | } |

Trial Judge: Theresa DiMauro

In the above-entitled cause, the Clerk will enter:

Plaintiff Stephen Bain filed suit seeking to enforce a request for access to public records. The trial court dismissed the case for improper venue and insufficiency of service of process, and plaintiff appeals. We agree that venue was improper and affirm.

The proper venue for this case is controlled by the Access to Public Records Act (PRA), which provides:

> Any person aggrieved by the denial of a request for public records under this subchapter may apply to the civil division of the superior court in the county in which the complainant resides, or has his or her personal place of business, or in which the public records are situated, or in the civil division of the superior court of Washington County, to enjoin the public agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

1 V.S.A. § 319. Therefore, we must determine if plaintiff's suit was filed in one of the enumerated places designated by the statute.

The record reveals the following facts. At the beginning of June 2011, while incarcerated at the Southern State Correctional Facility (SSCF) in Springfield, Windsor County, plaintiff sent a letter to the Superintendent of the SSCF requesting certain public records. Specifically, he sought "a complete accounting of any and all expenditures that have been accorded any and all individuals leaving Vermont correctional facilities during the time period associated with [plaintiff's] incarceration." This letter listed plaintiff's address as the SSCF in Springfield. In response, he received from the Department of Corrections (DOC) a list of payments that were made with the names of recipients redacted. Dissatisfied with the response, plaintiff filed an action in the Superior Court, Windsor Unit on June 27, 2011. The complaint listed plaintiff's home address in Putney, Vermont, which is in Windham County.

In August 2011, the State moved to dismiss the case for lack of venue and insufficiency of service of process. The State alleged that suit could be brought in Windham County—where petitioner resided at the time suit was filed—or in Washington County—the general venue location and the particular situs of the records. In support, the State attached an affidavit from a DOC employee, who averred that the relevant records are in Waterbury, Washington County. The State also argued that there was insufficiency of process because plaintiff obtained waiver of service, but initiated his suit by filing a complaint. Plaintiff did not respond to the motion. On October 12, 2011, in a single-line order, the court dismissed the case for "improper venue and/or insufficiency of service of process."

On appeal, plaintiff argues that the court abused its discretion and committed plain error in dismissing his claim without holding a hearing or offering to transfer the case to a different unit of the superior court. He also contends that the waiver of service he obtained was valid. We conclude that the court did not err in dismissing for lack of venue and do not reach the question of whether there was insufficiency of service of process. We also do not address plaintiff's substantive argument that he was denied equal protection.

Venue is a question of law, which in this case is designated by the PRA. See Bergeron v. Boyle, 2003 VT 89, ¶¶ 9-11, 176 Vt. 78 (examining proper venue as delineated by statute). When venue is challenged in a motion to dismiss, the court has discretion to decide the motion on the basis of affidavits alone without an evidentiary hearing. See Godino v. Cleanthes, 163 Vt. 237, 239 (1995) (explaining that court has discretion in deciding whether to conduct evidentiary hearing in response to motion to dismiss for lack of personal jurisdiction). If no hearing is held, "[t]he trial court must make its ruling as a matter of law, and appellate review is nondeferential and plenary." Id.

Plaintiff asserts that he was released on June 17, 2011. He claims that he sent the complaint before being released, but does not challenge the fact that by the time the suit was filed on June 27, he was no longer being held at the SSCF. See V.R.C.P. 3 & 5(e) (noting civil action commenced by filing complaint with court, which means filing with the clerk). The State contends that regardless of when plaintiff was released from the SSCF, his residence remained in Putney during the period of incarceration because residence and domicile do not change based on the location of the facility where an offender is involuntarily confined. See Bolton v. Krantz, 764 N.E.2d 878, 880-81 (Mass. App. Ct. 2002) (holding person does not lose former domicile as a result of involuntary incarceration). Given the uncontested fact that plaintiff resided in Windham County when the complaint was actually filed, we do not address the issue of whether plaintiff's residence for venue purposes changed during his incarceration. Therefore, we conclude that the Windsor Unit of the superior court lacked proper venue as a matter of law and dismissal was proper. Plaintiff's argument that the court abused its discretion in failing to hold a hearing prior to dismissal or to transfer the case to a different unit is waived for appellate review insofar as plaintiff failed to respond to the motion, request a hearing, or request that the case be transferred. See In re White, 172 Vt. 335, 343 (2001) (explaining that an argument must be presented to the trial court with specificity and clarity to preserve it for appeal).

Plaintiff's effort to invoke plain error to cure the lack of preservation also fails. Plain error is available in civil cases in very limited circumstances when there is deprivation of a fundamental right or a liberty interest at stake. Follo v. Florindo, 2009 VT 11, ¶ 16, 185 Vt. 390. Because neither situation is presented in this case, we do not apply plain error review.

On a final note, we emphasize that because the dismissal in this case is based on improper venue, it is "not operative as an adjudication on the merits." First Nat'l Bank of

Boston v. Avtek, Inc., 134 Vt. 392, 399 (1976); see V.R.C.P. 41(b)(3) (dismissal for lack of venue does not operate as an adjudication on the merits).  Thus, there is no bar to plaintiff refiling his suit in a county where venue would be proper.  See 12 V.S.A. § 558(a)(2) (providing one year for filing new action when original action is dismissed for lack of proper venue).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice