STATE OF VERMONT

| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 507-11-19 Wnsc |
|---|---|
| Jabbar Chandler,<br>    Plaintiff<br><br>    v.<br><br>Martin Frink,<br>    Defendant | |

Opinion and Order on Defendant's Motion to Dismiss

Plaintiff is a Vermont inmate currently housed in Mississippi within a prison run by a company called CoreCivic, which a Maryland company. Plaintiff has sued the former warden of the prison based on an allegation that some of Plaintiff's personal property was lost or destroyed at the Mississippi prison. Defendant has moved to dismiss, principally, on jurisdictional grounds. He maintains that he has insufficient personal contacts with the State of Vermont to be called into court in this jurisdiction. Indeed, he maintains that he is no longer even working at the Mississippi prison. Defendant has submitted a number of facts in support of his motion to dismiss. Plaintiff has not contested those facts.

A pretrial motion to dismiss for lack of personal jurisdiction calls upon the plaintiff to demonstrate a *prima facie* showing of jurisdiction, which the court may determine based on the pleadings and affidavits. *See Roman Catholic Diocese of Burlington, Inc. v. Paton Insulators, Inc.*, 146 Vt. 294, 296 (1985). The plaintiff's

1

burden is not heavy. *Godino v. Cleanthes*, 163 Vt. 237, 239 (1995). "In assessing the submitted materials, the court eschews fact finding and simply accepts 'properly supported proffers of evidence' as true and rules on the jurisdictional question as a matter of law." *Schwartz v. Frankenhoff*, 169 Vt. 287, 295 (1999). Generally, the court will "take as true the allegations of the nonmoving party with regard to the jurisdictional issues and resolve all factual disputes in his or her favor." 5B Arthur R. Miller et al., *Fed. Prac. & Proc. Civ.* § 1351 (3d ed.). On the other hand, where "a defendant's affidavit contesting jurisdiction is not refuted by a counter affidavit filed by the plaintiff, the facts alleged in the defendant's affidavit are accepted as true." *Professional Group Travel, Ltd. v. Professional Seminar Consultants, Inc.*, 483 N.E.2d 1291, 1295 (Ill. Ct. App. 1985).

"Vermont's long arm statute, 12 V.S.A. § 913(b), confers 'jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause.'" *Havill v. Woodstock Soapstone Co.*, 172 Vt. 625, 626 (2001) (citation omitted). The Court has described the rudiments of due process limitations on personal jurisdiction as follows:

> The Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments" of a foreign state with which the individual has no meaningful contacts. A state court may assert jurisdiction and comport with due process where a nonresident defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" The critical consideration in determining if defendants' activities satisfy the minimum contacts requirement is whether "the defendant's conduct and connection with the forum State are such that [the defendant] should reasonably anticipate being haled into court there." This reasonableness requirement is met when the defendant purposefully directs activity

2

toward residents of a forum state and the litigation arises out of, or relates to, that activity. The reasonableness requirement also prevents a defendant from being subjected to jurisdiction on the basis of fortuitous, attenuated, or random contacts.

*Dall v. Kaylor*, 163 Vt. 274, 275–76 (1995) (citations omitted).

The factual allegations of the Complaint and in Plaintiff's response to the motion to dismiss fail to show any conduct of Defendant that took place in or was directed into Vermont. Plaintiff's claim is that someone in the Mississippi prison lost or destroyed his personal property, in Mississippi. The tortious conduct occurred in Mississippi, while Plaintiff was in Mississippi. *See Fallang v. Hickey*, 532 N.E.2d 117, 119 (Ohio 1988) ("A state has an especial interest in exercising judicial jurisdiction over those who commit torts within its territory. This is because torts involve wrongful conduct which a state seeks to deter, and against which it attempts to afford protection, by providing that a tortfeasor shall be liable for damages which are the proximate result of his tort.") (citation omitted)). The sole fact supporting possible jurisdiction is that Defendant is employed by a company that has contracted with Vermont to house some of its inmates. Without more, though, that is insufficient to vest jurisdiction over an individual defendant in this court.

Even if this Court had jurisdiction over Corecivic,[1] "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which

---

[1] The Court makes no determination on that point. In Plaintiff's response he also requests that, if necessary, the complaint be amended to include CoreCivic. He has provided no amended complaint, however, and the Court will not consider the possible merits of such a claim until it is presented. Further, the Court does not

3

employs him." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *Estabrook v. Wetmore*, 529 A.2d 956, 958 (N.H. 1987) ("the acts of a corporate employee performed in his corporate capacity generally do not form the basis for jurisdiction over him in his individual capacity").  Instead, jurisdiction under such circumstances focuses on the actual conduct of the individual and whether "the officer knew or should have known his conduct could have a direct, substantial effect in" the forum state.  *Estabrook*, 529 A.2d at 958; *see Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 907 (1st Cir. 1980) (jurisdiction appropriate if individual corporate actor is "guiding spirit" or "central figure" behind the misconduct in forum state); *Balance Dynamics Corp. v. Schmitt Industries, Inc.*, 204 F.3d 683, 698 (6th Cir. 2000) (jurisdiction appropriate over "corporate officers who actively and personally involved themselves in [mis]conduct" in forum state).  In this instance, the Court concludes Defendant would not have been on notice that he could be sued in Vermont in connection with the allegations of the present action.

WHEREFORE, the action is dismissed for lack of jurisdiction over the Defendant.

Electronically signed on March 23, 2020 at 02:12 PM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge

---

know whether, after reviewing this ruling, Plaintiff will choose to proceed in Mississippi or Vermont; and whether he intends to continue to pursue this Defendant, CoreCivic, the Vermont Department of Corrections, or all of them.