VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 21-CV-00855



Michael Veitch
     Plaintiff

v.

Benedictine Foundation of the State of Vermont, Inc.,
d/b/a Weston Priory, and Jesuits USA East Province
f/k/a Jesuits New England Province
     Defendants

### Decision on Defendants' Motion for a Hybrid Hearing

Plaintiff Michael Veitch alleges that he was the victim of childhood sexual abuse perpetrated by a Jesuit priest. At issue is a motion to dismiss for lack of personal jurisdiction filed by the defendant Jesuit organizations, e.g., *Edwardo v. Roman Catholic Bishop of Providence*, 66 F.4th 69, 74–76 (2d Cir. 2023); *Doe v. Roman Catholic Diocese of Greensburg*, 581 F.Supp.3d 176, 190–95 (D.D.C. 2022). In a previous order, the court determined that an evidentiary hearing was warranted, e.g., *Godino v. Cleanthes*, 163 Vt. 237, 239 (1995); *Roman Catholic Diocese of Burlington, Inc. v. Paton Insulators, Inc.*, 146 Vt. 294, 296 (1985). In this motion, defendants seek permission for a witness to testify at that hearing by remote means.

Generally, the rule is that civil division hearings are held in person. Vt. R. Civ. P. 43.1(a)(1). A party may seek permission for a witness to testify by remote means, and the court may determine whether good cause exists to grant the request by considering a non-exclusive list of factors that include "[w]hether the procedure would allow for full and effective examination and cross-examination of witnesses by all parties and the court, including access to any documentary or other tangible evidence necessary to the examination or cross-examination of any witness," and "[w]hether the use of video or audio conferencing technology diminishes or detracts from the dignity, solemnity, and formality of the proceeding or undermines its integrity, fairness, or effectiveness." Vt. R. Civ. P. 43.1(h).

Here, defendants seek permission for Father Quinn to testify remotely. He is the witness whose affidavit was attached to the motion to dismiss for lack of personal jurisdiction. He is a licensed lawyer who describes himself as a special assistant to the organization for legal affairs, and he describes his role as involving the coordination of Jesuit responses to cases involving childhood sexual abuse perpetrated by former priests. His testimony is expected to include descriptions of the corporate structure of the Jesuit organizations who have been sued in this case, the history of Jesuit activities in the State of Vermont, and a review of the employment and supervision history of the priest who is

alleged to have sexually abused plaintiff. At his deposition, Father Quinn testified that he has "reviewed numerous files" on the priest and "studied endless catalogs to figure out where he had been stationed over the years," and he testified that he is familiar with the whereabouts of the priest during the relevant time periods. At his deposition, his testimony related to these issues spanned more than 150 pages and referenced multiple documents and exhibits. Additionally, at his deposition, he testified under oath that he did not know the answers to certain questions as to which he later made averments under oath in his affidavit.

Defendants contend that remote testimony is appropriate because Father Quinn lives and works in New York City, and because the trip is about ten hours round-trip by car, and because the Jesuits would be "without his usual services for two or three days while he traveled to Woodstock, Vermont, and back to New York for this hearing," and because the need for his testimony is "minor." As to these assertions, however, the court notes that (1) Father Quinn is an organizational witness who was selected by defendants to review the materials and serve as the coordinator of the organization's response to the matter, (2) Father Quinn is the witness upon whose affidavit defendants rely for their motion to dismiss, (3) Father Quinn described his work as involving the coordination of Jesuit responses to cases involving childhood sexual abuse perpetrated by former priests, (4) Father Quinn's deposition was extensive, and involved review of multiple documentary materials, and (5) Father Quinn testified at his deposition that he did not know the answer to questions as to which he later (in the affidavit attached to the motion to dismiss) asserted under oath that he knew the answers. It is evident to the court, therefore, that Father Quinn's testimony will be essential to the disposition of the motion, that he is not a tangential fact witness but rather the organizational witness selected to represent the organization in this matter, and that the effectiveness of cross-examination will be essential to the search for truth. *California v. Green*, 399 U.S. 149, 158 (1970). Additionally, the motion is central to the substantive outcome of the case, and the burden of traveling from New York City to Vermont must be weighed against the importance of the case to plaintiff, who alleges that childhood sexual abuse has caused him to suffer "severe and permanent psychological, emotional, and physical injuries, shame, humiliation, and the inability to lead a normal life." Under these circumstances, the court's conclusion is that in-person testimony is necessary to effectuate "full and effective examination and cross-examination" of the witness, as well as to honor the "dignity, solemnity, and formality" of the proceeding, and ensure its "integrity, fairness, [and] effectiveness." Vt. R. Civ. P. 43.1(h). For these reasons, the motion for a hybrid proceeding is denied.

Electronically signed on Thursday, April 4, 2024 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 04/05/24
Windsor Unit