Filed 07/10/24

VERMONT SUPERIOR COURT                                    CIVIL DIVISION
Rutland Unit                                             Case No. 22-CV-02054
83 Center St
Rutland VT  05701
802-775-4394
www.vermontjudiciary.org

---

| Mary Emilius, et al v. Derrick Walton, et al |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss; Motion to Amend Complaint with Memorandum Incorporated;
(Motion: 11; 12)
Filer:          Matthew Glenn Lindenbaum; Harry R. Ryan, III
Filed Date:     May 13, 2024; June 10, 2024

This is an action brought by plaintiffs Mary Emilius and Paul Emilius against multiple defendants that arose out of a motor vehicle crash that occurred on May 22, 2021.  Defendant True & Associates of NY, LLC and defendant World Insurance Associates, LLC jointly moved to dismiss for lack of personal jurisdiction on May 13, 2024.  Plaintiffs filed a response on June 13, 2024.  For the reasons explained below, the motion is GRANTED.

### Background

This action stems from a motor vehicle crash that occurred on May 22, 2021, in Castleton, Vermont.  Plaintiff May Emilius was operating a 2020 Subaru Outback owned by the Geod Corporation when she was involved in the motor vehicle crash.  In September of 2020, Geod Corp. sought a new insurance policy through True & Kookogey, t/a True and Associates, Inc.  Aff. of Michael Richards.  Geod Corp had previously sought insurance through True and Associates, Inc. *Id.*  True and Associates, Inc. were aware the 2020 Subaru would be garaged in Vermont and driven by Mary and Paul Emilius.  Ex. 3.  Geod Corp. submitted an application that included the 2020 Subaru Outback garaged in Vermont.  *Id., Ex. B.*  Mary Emilius was listed as an authorized driver for the 2020 Subaru licensed in Vermont.  *Id.*  World Insurance Associates, LLC registered as a foreign limited liability company in Vermont in November of 2022.  Aff. of Kimberly Briggs.  On December 31, 2020, World Insurance Associates, LLC, acquired certain assets of True and Associates, Inc., including their insurance business.  Def. Mot. to Dismiss, p. 4.

### Standard of Review

The court has discretion to decide a motion to dismiss for lack of personal jurisdiction without a hearing.  *Godino v. Cleanthes,* 163 Vt. 237, 239 (1995).  In deciding the motion on the basis of affidavits alone, the plaintiff has the slight burden to make "a prima facie showing of jurisdiction, or, in other words, demonstrate facts which would support a finding of jurisdiction."  *Id.*  "The nonmoving party's prima facie showing must go beyond the pleadings and rely upon specific facts

set forth in the record." *State v. Atlantic Richfield Co.,* 2016 VT 22, ¶ 9. The court must accept as true the supported facts of the nonmoving party. *Id.*

<u>Analysis</u>

Vermont's long arm statute, 12 V.S.A. § 913(b), allows the court to "assert jurisdiction over individual defendants to the full extent permitted by the Due Process Clause." *Northern Aircraft, Inc. v. Reed,* 154 Vt. 36, 40 (1990). As noted by the parties, "a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exits 'minimum contacts' between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). The minimum contacts a defendant has with Vermont must be such that the defendant has "fair warning" that a particular activity would subject the defendant to the jurisdiction of Vermont's courts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). In other words, the lawsuit must "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.,* 326 U.S. at 316. "It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

The Second Circuit Court of Appeals in interpreting Vermont's long arm statute has held:

The due process test for personal jurisdiction has two related components: the "minimum contacts" inquiry and the "reasonableness" inquiry. The court must first determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction. *See International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. For purposes of this initial inquiry, a distinction is made between "specific" jurisdiction and "general" jurisdiction. Specific jurisdiction exists when "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum"; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts. *Helicopteros,* 466 U.S. at 414–16 & nn. 8–9, 104 S.Ct. at 1872–73 & nn. 8–9. Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's "continuous and systematic general business contacts." *Helicopteros,* 466 U.S. at 416, 104 S.Ct. at 1873; *see, e.g., Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 481 n. 3 (3d Cir.1993); *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 380–81 (9th Cir.1990), rev'd on other grounds, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Donatelli v. National Hockey League,* 893 F.2d 459, 462–63 (1st Cir.1990); *Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 374 (5th Cir.1987).

The second stage of the due process inquiry asks whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice"— that is, whether it is reasonable under the circumstances of the particular case. *See International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. The Supreme Court has held that the court must evaluate the following factors as part of this "reasonableness" analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant;

(2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *Asahi,* 480 U.S. at 113–14, 107 S.Ct. at 1032–33; *see also Burger King,* 471 U.S. at 476–77, 105 S.Ct. at 2184–85; *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *A.I. Trade Fin., Inc. v. Petra Bank,* 989 F.2d 76, 83 (2d Cir.1993) (discussing factors). While the exercise of jurisdiction is favored where the plaintiff has made a threshold showing of minimum contacts at the first stage of the inquiry, it may be defeated where the defendant presents "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477, 105 S.Ct. at 2185.

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 567–68 (2d Cir. 1996). *See also Atlantic Richfield Co.,* 2016 VT 22, ¶ 14. (General jurisdiction "applies to suits not arising out of or related to the defendant's contacts with the forum state" while specific jurisdiction applies to cases where "a defendant has purposefully directed …activities at residents of the forum and the litigation results from alleged injuries that arises out of or relate to those activities.").

In this case, plaintiffs allege the court have specific jurisdiction over defendants True and Associates and World Insurance Associates. As such, the court "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore,* 571 U.S. 277, 284 (2014) (citations and quotations omitted). As noted by the Supreme Court, the court must initially determine whether "the relationship arise[s] out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* (quoting *Burger King,* 471 U.S. at 475). In this case, the defendants created contact with Vermont by knowingly brokering insurance for a vehicle being garaged in Vermont and being operated by a Vermont licensed operator. Second, the court "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285. Specific jurisdiction occurs when a defendant purposefully reaches beyond their home state and into a foreign jurisdiction. *Id.* The plaintiffs must show that the defendants purposefully availed themselves of the privileges of conducting activities within Vermont. *Hanson,* 357 U.S. at 253. As noted by the Ninth Circuit:

> The purposeful availment prong is satisfied when a defendant takes deliberate actions within the forum state or creates continuing obligations to forum residents. It is not required that a defendant be physically present within or have physical contacts with the forum, provided that the defendant's efforts are 'purposefully directed' toward forum residents.

*Hirsch v. Blue Cross, Blue Shield,* 800 F.2d 1474, 1478–79 (9th Cir. 1986). In this case, the defendants simply brokered insurance for GEOD Corp., but did not actually hold the insurances. The defendants did not therefore create continuing obligations to Mary Emilius.

Plaintiff's reliance on *T-Mobile USA, Inc. v. Auto-Owners Ins. Co.,* 2020 WL 4788021 (W.D. Wash. Aug. 18, 2020), is misplaced as the defendant in that case was the insurance carrier, rather than the broker of the insurance. Here, defendants True and Associates and World Insurance Associates were simply the brokers and their brokering of insurance for GEOD Corp. did not create

continuing obligations for Vermont resident Mary Emilius.  The plaintiffs have therefore failed to meet their burden to show defendants True and Associates and World Insurance Associates have minimum contacts with Vermont.  When the court determines that a defendant does not have minimum contacts, it need not address the second prong of the due process test to assess reasonableness.  *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 568 (2nd Cir. 1996). Likewise, the court does not consider defendants' alternative argument regarding service.

Given this decision, plaintiff's motion to amend their complaint is denied.

### **ORDER**

Defendants True & Associates of NY, LLC and World Insurance Associates, LLC's motion to dismiss is GRANTED.  Plaintiff's motion to amend their complaint is DENIED.


Electronically signed on July 3, 2024 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*

Alexander N. Burke
Superior Court Judge