# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2019 ND 240

Huey Brock,

Plaintiff, Appellant, and
Cross-Appellee

v.

Richard Price and KS Industries, LLC,

Defendants, Appellees and
Cross-Appellants

## No. 20190092

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Tufte, Justice.

Duane A. Lillehaug (argued), Fargo, North Dakota, and Michael D. Ainbinder (appeared) and Colleen M. Pratt (appeared), Long Beach, California, for plaintiff, appellant, and cross-appellee.

Seth A. Thompson (argued), Brenda L. Blazer (appeared), and Briana L. Rummel (appeared), Bismarck, North Dakota, for defendants, appellees, and cross-appellants.

**Tufte, Justice.**

[¶1]   Huey Brock appeals from judgments dismissing his negligence action against Richard Price and KS Industries, LLC ("LLC") and awarding Price and LLC costs and disbursements in the amount of $181,467. Price and LLC cross-appeal from the judgment awarding costs and disbursements. We affirm the district court's summary judgment dismissal of the negligence action because it is barred by the Workforce Safety and Insurance Act's exclusive remedy provisions. We reverse the award of costs and disbursements and remand for the court to hold a hearing on Brock's objections required by N.D.R.Civ.P. 54(e)(2).

I

[¶2]   LLC is based in Tioga and at all relevant times has obtained Workforce Safety and Insurance ("WSI") coverage for its employees in North Dakota. Brock, a California resident, was hired by LLC and began working as a pipefitter on December 6, 2010. On March 31, 2011, Brock was severely injured in a traffic accident while traveling in a company-owned vehicle with Price and another LLC employee, resulting in Brock becoming quadriplegic. On April 6, 2011, WSI issued a notice of decision accepting Brock's claim and awarding him benefits, which noted "[o]n the above injury date, the injured worker was employed by [LLC]" and "[t]he evidence shows the injured worker sustained an injury by accident arising out of and in the course of employment." Brock began receiving benefits under LLC's WSI account.

[¶3]   In June 2012, Brock, WSI, and LLC entered into a stipulation that Brock would continue to receive WSI benefits while seeking workers' compensation benefits in California from KS Industries, LP ("LP"). The stipulation further provided that WSI would cease paying benefits if his claim against LP's insurance carrier were accepted and his attorney would act in trust for WSI in pursuing reimbursement of funds paid in connection with Brock's claim. Brock then filed an application for California workers' compensation benefits

claiming he was employed by LP at the time of the accident. In May 2013, following a trial, a judge of the California Workers' Compensation Appeals Board found:

> 1. HUEY BROCK born on 09/02/1970 while employed on 03/31/2011 as a pipefitter while working in the State of North Dakota, by, KS INDUSTRIES LP, whose workers' compensation insurance carrier was ACIG Insurance Company, sustained injury arising out of and occurring in the course of employment rendering him a quadriplegic as well as injury to his psyche.
> 2. As to issue of employment, applicant is found to be an employee of KS INDUSTRIES LP at the time of the injury.
> 3. As to the issue of jurisdiction, it is found that there is jurisdiction with the California Workers' Compensation Appeals Board over the industrial injuries the applicant sustained herein, and the applicant may proceed to collect such workers' compensation benefits within this State with credit to the defendants for workers' compensation benefits which the applicant may have received from the workers' compensation claim in North Dakota.

[¶4] In an opinion on his decision, the judge explained:

> Based upon applicant's credible testimony which establishes that he was offered and accepted employment from KS Industries LP via the telephone at his residence in Long Beach, California, as well []as the fact that all other entities/campuses listed by defendant are merely alter egos of KS Industries LP (as evidenced by "Exhibit 16" for which applicant was required to submit forms for employment including reading the KS Industries LP safety manual as a requisite of employment and adhering the KS Industries LP "Cell Phone Policy". Also, all payroll was reviewed and approved at the KS Industries LP facility in Bakersfield, California with paychecks and W-2s being issued from KS Industries LP and all employee records, no matter which location/campus the employee worked at, were housed at the KS Industries LP facility in California. Also, all employee[s], once hired, maintained the same "Employee ID" number no matter which location/campus they may perform work. Additionally, applicant credibly testified that for the work in North Dakota, he

2

accepted the employment via the telephone from his residence in Long Beach, California and took a 2 to 3 day bus ride from Long Beach, California to the site in North Dakota based on the belief and reliance that he had been offered and accepted the employment over the telephone.

A petition for reconsideration and a petition for writ of review to the California Court of Appeals were both denied.

[¶5] Based on the California administrative decision, LP's workers' compensation carrier commenced paying benefits to Brock and reimbursed WSI all funds expended on Brock. On January 24, 2014, WSI issued a notice of decision reversing its prior decision accepting Brock's claim. Although it is not in the record on appeal, the district court referenced it in its February 8, 2019, order. Prior to oral argument, Brock requested that we take judicial notice of the January 24, 2014, notice of decision, and we do so under N.D.R.Ev. 201(b)(2). The notice of decision reads:

> Please read this notice as it may require action within 30 days. This notice is to inform you of Workforce Safety & Insurance's (WSI) decision to reverse the Notice of Decision Accepting Claim dates 04/06/2011.

> WSI denies liability for your injury sustained on 03/31/2011 and no workers' compensation benefits are payable on this claim. This decision is based on North Dakota Century Code Section 65-05-05, which states: If an employee applies for benefits from another state for the same injury, WSI will suspend all future benefits pending resolution of the application. If an employee is determined to be eligible for benefits through some other state act, no further compensation shall be allowed under this title and the employee must reimburse the organization for the entire amount of benefits paid.

> WSI received information that your claim for benefits for the same injury has been accepted by the California Workers' Compensation system and you are eligible for benefits through the California Workers' Compensation system.

3

[¶6]   In February 2015, Brock brought this negligence action against Price and LLC. Brock moved for summary judgment arguing collateral estoppel based on the California administrative proceedings precluded Price and LLC from arguing LLC was Brock's employer rather than LP, and therefore his action was not barred by the exclusive remedy provisions of North Dakota law. The district court granted Brock's motion and approved a stipulated scheduling order requiring dispositive motions be served by August 31, 2016.

[¶7]   In November 2018, Price and LLC filed a motion for summary judgment arguing collateral estoppel did not apply and the exclusive remedy provisions applied to bar Brock's action against LLC and his co-worker, Price. The district court agreed and dismissed the action. After concluding collateral estoppel did not apply, the court noted collateral estoppel was "secondary" to its analysis and concluded:

> Even though, under California law, Brock was found to be an employee of KS Industries, LP, at the time he was injured, Brock was nevertheless doing work for KSI, LLC, in North Dakota, KSI, LLC, was paying premiums to WSI, and Brock applied for and received benefits through WSI. Under N.D.C.C. § 65-01-08; § 65-04-28; and § 65-05-06, KSI, LLC, and Price are immune from Brock's claim of negligence. The later termination of Brock's benefits and the reimbursement to WSI do not alter the fact that, following his injury, Brock opted to apply for and received WSI benefits. Notwithstanding California's later acceptance of Brock's cla[i]m for workers' compensation benefits in California, the Court finds, as a matter of law, that KSI, LLC, as a contributing employer, and Price, as an employee of KSI, LLC, were/are entitled to immunity under North Dakota law.

[¶8]   Price and LLC filed a statement of costs and disbursements seeking $319,895.36 and Brock objected. Without holding a hearing, the district court reduced the expert witness fees by one-half and allowed costs and disbursements in the amount of $181,467.

4

## II

[¶9] Brock argues the district court erred in granting summary judgment dismissing his action.

[¶10] Our standard for reviewing summary judgments is well established:

> Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Smithberg v. Smithberg*, 2019 ND 195, ¶ 6, 931 N.W.2d 211 (quoting *Cuozzo v. State*, 2019 ND 95, ¶ 7, 925 N.W.2d 752).

## A

[¶11] Brock argues the district court erred in allowing Price and LLC to violate its stipulated scheduling order requiring dispositive motions be served by August 31, 2016, by moving for summary judgment in November 2018.

[¶12] A district court may revise any non-final order before entry of a final judgment and has discretion to extend deadlines in a scheduling order before

trial. *See State v. Stegall*, 2013 ND 49, ¶ 13, 828 N.W.2d 526. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable matter, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *N.D. Private Investigative and Sec. Bd. v. TigerSwan, LLC*, 2019 ND 219, ¶ 13. The district court had scheduled a three-week trial on a claim seeking more than sixty million dollars in damages. When presented with a summary judgment motion that might resolve the matter without a trial, the court may consider the motion even if it has previously rejected the argument. We conclude the court did not abuse its discretion in extending the scheduling order deadline on its own motion and entertaining the November 2018 motion for summary judgment.

B

[¶13] We need not address the parties' arguments concerning any collateral estoppel effect of the California administrative proceedings because the dispositive issue is whether the district court correctly concluded the Workforce Safety and Insurance Act's exclusive remedy provisions apply in this case.

[¶14] In *Plains Trucking, LLC v. Cresap*, 2019 ND 226, ¶¶ 9, 10, 12, we recently explained:

> Title 65, N.D.C.C., is a legislatively created compromise for claims between injured workers and their employers. *See Richard v. Washburn Pub. Sch.*, 2011 ND 240, ¶ 11, 809 N.W.2d 288; *Trinity Hosps. v. Mattson*, 2006 ND 231, ¶ 11, 723 N.W.2d 684. Section 65-01-01, N.D.C.C., declares that "for workers injured in hazardous employments, . . . sure and certain relief is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding, or compensation, except as otherwise provided in this title, and to that end, all civil actions and civil claims for relief for those personal injuries and all jurisdiction of the courts of the state over those causes are abolished except as is otherwise provided in this title."
> Under the Act, an employee "gives up the right to sue the employer in exchange for sure and certain benefits for all

6

workplace injuries, regardless of fault." *Trinity Hosps.*, 2006 ND 231, ¶ 11, 723 N.W.2d 684. When a worker is an employee, the Act generally provides the exclusive remedy for the employee who suffers a compensable injury. *See* N.D.C.C. § 65-01-01.1 ("The sole exception to an employer's immunity from civil liability under this title, except as provided in [N.D.C.C. ch. 65-09], is an action for an injury to an employee caused by an employer's intentional act done with the conscious purpose of inflicting the injury."); N.D.C.C. § 65-01-08 (An injured employee does not have a claim for relief against the "contributing employer or against any agent, servant, or other employee of the employer for damages for personal injuries, but shall look solely to the fund for compensation."); N.D.C.C. § 65-04-28 ("Employers who comply with the provisions of [N.D.C.C. ch. 65-04] shall not be liable to respond in damages at common law or by statute for injury to or death of any employee."); N.D.C.C. § 65-05-06 ("The payment of compensation or other benefits by the organization to an injured employee, or to the injured employee's dependents in case death has ensued, are in lieu of any and all claims for relief whatsoever against the employer of the injured or deceased employee.").

. . . .

The district court in which a tort action is filed has authority to decide whether the workers' compensation act's exclusive remedy provisions bar the action. *See Vail* [*v. S/L Servs., Inc.*], 2017 ND 202, ¶ 18, 900 N.W.2d 271; *Carlson v. GMR Transp., Inc.*, 2015 ND 121, ¶ 15, 863 N.W.2d 514. "In an employee's tort action [against an employer] to recover damages for a work-related injury, the employer has the burden of establishing by a preponderance of the evidence the defense that the employer is immune from suit under the exclusive remedy provisions of the workers' compensation act." *Carlson*, at ¶ 15; *see also Vail*, at ¶ 18; *Richard*, 2011 ND 240, ¶ 12, 809 N.W.2d 288.

[¶15] The California administrative proceedings resulted in a determination that at the time of the accident Brock was an employee of LP for purposes of California law. The administrative judge did not conclude that Brock was not employed by LLC at the time of the accident for purposes of North Dakota law. WSI's January 24, 2014, decision reversing its previous decision accepting Brock's claim for benefits was not based on any determination that Brock was

not employed by LLC at the time of the accident. Rather, WSI's decision was based on N.D.C.C. § 65-05-05, which provides:

1. The organization shall disburse the fund for the payment of compensation and other benefits as provided in this chapter to employees, or to their dependents in case death has ensued, who:
   a. Are subject to the provisions of this title;
   b. Are employed by employers who are subject to this title; and
   c. Have been injured in the course of their employment.
2. If an employee, or any person seeking benefits because of the death of an employee, applies for benefits from another state for the same injury, the organization will suspend all future benefits pending resolution of the application. If an employee, or any person seeking benefits because of the death of an employee, is determined to be eligible for benefits through some other state act or enters an agreement to resolve a claim through some other state act, no further compensation may be allowed under this title and the employee, or any person seeking benefits because of the death of an employee, must reimburse the organization for the entire amount of benefits paid.

"The legislative intent of this provision was to compel the claimant to seek workers compensation benefits in just one jurisdiction in order to avoid duplication of benefits." *Griffin v. N.D. Workers Comp. Bureau*, 466 N.W.2d 148, 151 (N.D. 1991); *see also Plante v. N.D. Workers Comp. Bureau*, 455 N.W.2d 195, 198 (N.D. 1990); *U.S. Fid. & Guar. Co. v. N.D. Workmen's Comp. Bureau*, 275 N.W.2d 618, 622 (N.D. 1979). Section 65-05-05, N.D.C.C., contemplates the possibility that there may be two employers liable for a claimant's work-related injury under the laws of their respective states. *See generally* Annot., *Workmen's compensation: one employed concurrently or jointly by several*, 58 A.L.R. 1395 (1929); 2 Modern Workers Compensation § 205:21 (2019); 82 Am. Jur. 2d *Workers' Compensation* § 182 (2019); 99 C.J.S. *Workers' Compensation* § 143 (2019).

[¶16] "Under N.D.C.C. § 65-01-08, injured employees do not have a claim for relief against a 'contributing employer or against any agent, servant, or other employee of the employer for damages for personal injuries, but shall look solely to the fund for compensation." *Mattson*, 2006 ND 231, ¶ 11, 723 N.W.2d 684. It is undisputed that LLC paid WSI premiums to secure coverage on Brock's behalf. Brock applied for, was awarded, and received WSI benefits throughout the pendency of the California administrative proceedings. "[O]nce a claimant is allowed to participate in the fund, he or she may no longer elect to bring a lawsuit against the employer." *Westman v. Dessellier*, 459 N.W.2d 545, 548 (N.D. 1990); *see also Lovelette v. Braun*, 293 F. Supp. 41, 44 (D.N.D. 1968) (if employee's status is conclusively settled by the Bureau's award of benefits, the employee has no right of action against employer or co-employee). The determinations made in the California administrative proceedings were irrelevant for purposes of deciding LLC and Price's statutory immunity from suit in North Dakota.

[¶17] We conclude the district court did not err in dismissing Brock's negligence action as a matter of law because LLC and Price are immune from suit under North Dakota law.

## III

[¶18] In their cross-appeal, Price and LLC argue the district court erred in failing to hold a hearing after Brock objected to their costs and disbursements. They also argue the court erred in reducing the amount of expenses claimed. Brock argues he cannot afford to pay any costs and disbursements because he is quadriplegic.

[¶19] Rule 54(e)(2), N.D.R.Civ.P., provides that if objections to costs are filed, the "court by ex parte order must fix a time for hearing the objections." The word "must" in a statute normally indicates a mandatory duty. *See James Valley Grain, LLC v. David*, 2011 ND 160, ¶ 12, 802 N.W.2d 158. After Brock objected to the costs and disbursements, the district court was required to hold a hearing on the objections.

[¶20] We reverse the award of costs and disbursements and remand for the district court to hold a hearing on the objections.

IV

[¶21] It is unnecessary to address other arguments raised because they are either unnecessary to the decision or are without merit. We affirm in part, reverse in part, and remand for further proceedings.

[¶22] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.