# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 243

State of North Dakota by

Workforce Safety and Insurance,                 Plaintiff and Appellee

      v.

Chris Oden,                            Defendant and Appellant

## No. 20190242

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

David C. Thompson, Grand Forks, ND, for defendant and appellant.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, ND, for plaintiff and appellee.

**Jensen, Chief Justice.**

[¶1]   Chris Oden appeals from a judgment entered against him in a collection action after the district court granted summary judgment in favor of the State, through Workforce Safety and Insurance, ("WSI"). We conclude the court did not abuse its discretion in denying Oden's motion to dismiss for insufficient service of process and did not err in granting summary judgment to WSI. We affirm.

I

[¶2]   In May 2010, Oden was injured in Missouri while employed by Minot Builders Supply Associates as a truck driver. In June 2010, WSI issued a Notice of Decision Accepting Claim and Awarding Benefits for the injuries Oden sustained. In October 2013, WSI issued a Notice of Decision Suspending Benefits under N.D.C.C. § 65-05-05, after Oden applied for benefits under Missouri's workers' compensation system. In February 2016, while represented by counsel in Missouri, Oden entered into a Stipulation for Compromise Settlement under which Oden received a lump sum payment of $30,000 for his Missouri workers' compensation claim.

[¶3]   On March 8, 2016, WSI issued a Notice of Decision, reversing its earlier decision to award benefits, denying liability for his May 2010 injury, and requiring reimbursement for a total overpayment of $62,452.91. WSI stated its decision was based on N.D.C.C. § 65-05-05, the Missouri workers' compensation system's acceptance of his claim for the same injury, and Oden's lump-sum settlement for his Missouri compensation claim.

[¶4]   On March 21, 2016, Oden's Missouri counsel responded to WSI's decision, requesting reconsideration and challenging WSI's right to seek reimbursement. On April 1, 2016, WSI's claims adjuster sent Oden a letter, with a copy going to his Missouri attorney, advising Oden that his attorney was not licensed in North Dakota and that Oden could either petition for reconsideration of WSI's decision on his own behalf or he could secure the

services of a North Dakota attorney to seek reconsideration. WSI did not receive any further request for reconsideration of the March 2016 Notice of Decision either from Oden personally or from an attorney licensed in North Dakota on his behalf.

[¶5] In July 2018, WSI commenced this action against Oden seeking reimbursement from him under N.D.C.C. § 65-05-05 for the alleged overpayment of medical and disability benefits in the amount of $62,452.91. WSI claimed it was entitled to reimbursement because Oden had been approved to receive workers' compensation benefits through another state's act for the May 2010 injury for which WSI had accepted and paid benefits. In January 2019, WSI moved the district court for summary judgment. Oden responded to WSI's motion in April 2019 by moving the court to dismiss for insufficient service of process on him in Missouri. Oden also opposed WSI's summary judgment motion and made a cross-motion for summary judgment.

[¶6] On May 1, 2019, the district court held a hearing for oral argument on Oden's motion to dismiss and the parties' competing summary judgment motions. After the hearing, Oden submitted an additional reply brief and affidavits supporting his motions. In its subsequent June 2019 order, the court granted WSI's motion for summary judgment and denied both Oden's motion to dismiss and his cross-motion for summary judgment. The court awarded to WSI the full amount paid out to Oden of $62,452.91, plus accruing interest, and costs and disbursements. Judgment was subsequently entered.

II

[¶7] Oden argues the district court erred in denying his motion to dismiss for insufficiency of service of process. He challenges whether the service of process in Missouri was sufficient to commence this action against him when the process server served his adult daughter at a residence that he asserts he subleases to his daughter and her husband and at which he does not reside.

[¶8] Under N.D.R.Civ.P. 3, "[a] civil action is commenced by the service of a summons." Rule 4, N.D.R.Civ.P., governs service of process. "[P]ersonal jurisdiction over a party is acquired by service of process in compliance with

2

N.D.R.Civ.P. 4." *Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC*, 2016 ND 176, ¶ 13, 883 N.W.2d 917 (quoting *Alliance Pipeline L.P. v. Smith*, 2013 ND 117, ¶ 18, 833 N.W.2d 464). A party must "strictly comply" with the specific requirements under N.D.R.Civ.P. 4 for service of process. *Franciere v. City of Mandan*, 2020 ND 143, ¶ 10, 945 N.W.2d 251 (affirming dismissal for lack of personal jurisdiction because of inadequate service of process on the city under N.D.R.Civ.P. 4(d)(2)(E)). "Valid service of process is necessary to assert personal jurisdiction over a defendant." *Gessner v. City of Minot*, 1998 ND 157, ¶ 5, 583 N.W.2d 90. Without valid service of process, even actual knowledge of the lawsuit's existence is insufficient to obtain personal jurisdiction over a defendant. *Monster Heavy Haulers*, at ¶ 13; *see also Olsrud v. Bismarck-Mandan Orchestral Ass'n*, 2007 ND 91, ¶ 9, 733 N.W.2d 256.

[¶9] Rule 4(d)(3), N.D.R.Civ.P., provides for service of process outside of North Dakota:

> Service on any person subject to the personal jurisdiction of the courts of this state may be made outside the state:
> (A) in the same manner as service within this state, with the force and effect as though service had been made within this state;
> (B) under the law of the place where service is made for service in that place in an action in any of its courts of general jurisdiction; or
> (C) as directed by court order.

Under N.D.R.Civ.P. 4(d)(2)(A)(ii), service of process within North Dakota is authorized "on an individual 14 or more years of age by: . . . leaving a copy of the summons *at the individual's dwelling or usual place of residence* in the presence of a person of suitable age and discretion who resides there." (Emphasis added.) Similarly, personal service of process within Missouri is made "by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years[.]" Mo. Sup. Ct. R. 54.13(b)(1).

3

[¶10] We have recently reiterated our standard for reviewing a district court's decision on personal jurisdiction over a defendant in a case involving sufficiency of service of process, when the court relies only on pleadings and affidavits:

> Analysis of a district court's ruling regarding personal jurisdiction is a question of law, which we consider under the de novo standard of review. If the defendant challenges the court's [exercise of personal] jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. The plaintiff must make a prima facie showing of jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction, *and if the court relies only on pleadings and affidavits, the court must look at the facts in the light most favorable to the plaintiff.* Questions of personal jurisdiction must be decided on a case-by-case basis, depending on the particular facts and circumstances.

*Franciere*, 2020 ND 143, ¶ 7 (quoting *Solid Comfort, Inc. v. Hatchett Hosp. Inc.*, 2013 ND 152, ¶ 9, 836 N.W.2d 415 (internal citations and quotation marks omitted)). Thus, when a district court relies only on pleadings and affidavits in deciding the motion to dismiss, the court must look at the facts in the light most favorable to the nonmoving party to decide whether the plaintiff has established a prima facie showing of jurisdiction; but "[i]f an evidentiary hearing is held, the burden is on the party asserting jurisdiction." *Rodenburg v. Fargo-Moorhead YMCA*, 2001 ND 139, ¶ 17 n.2, 632 N.W.2d 407.

[¶11] Here, the district court decided Oden's motion to dismiss for insufficient service of process on the pleadings and affidavits after holding a hearing for the parties' oral arguments on the motions. The court determined that WSI made a prima facie showing with the process server's return of service, in addition to the process server's subsequent affidavit responding to Oden's motion to dismiss supported by his affidavit. Viewing the evidence in the light most favorable to WSI, including affidavits from the process server, Oden, and Oden's daughter, the court concluded Oden failed to rebut WSI's prima facie showing of proper service and denied Oden's motion to dismiss. In denying the motion, the court did not allow Oden his alternative request for additional discovery to depose the process server if the court did not rule in his favor. Both

WSI and Oden had alternatively requested further jurisdictional discovery if the court did not rule in their respective favors.

[¶12] Oden argues the district court erred in denying his motion to dismiss for insufficient service because the "overwhelming weight" of the evidence in the record on service is clearly on his side. Oden asserts his sworn affidavit confirms he did not reside at the Missouri address where service was attempted and his daughter's affidavit similarly states that he did not live at the address and that she and her husband leased the premises from Oden. Oden's daughter's affidavit also asserts she in fact informed the process server her father did not live with her and her husband. Oden contends the process server's affidavit in response was equivocal. Oden argues the court denied his motion to dismiss despite both parties' requests for additional discovery. He further requests this matter be remanded to the district court for further discovery on the issue of service.

[¶13] In addressing Oden's argument, we examine the district court's discretion in deciding a motion to dismiss for insufficient service of process, in addition to whether an evidentiary hearing may be necessary. Motions to dismiss under N.D.R.Civ.P. 12(b)(4), for insufficient process, and 12(b)(5), for insufficient service of process, are related; while a Rule 12(b)(4) motion challenges the form of the process, a Rule 12(b)(5) motion challenges the sufficiency of the service of process on a defendant "or the mode or lack of delivery." *See* 61A Am. Jur.2d *Pleading* § 516 (August 2020 Update).

> In accord with other motions to dismiss based on defenses of avoidance, affidavits and other evidence may be considered by the court in determining a Rule 12(b)(5) motion to dismiss, and the court may allow the plaintiff to take depositions with regard to any issues of fact raised by the motion. The officer's return of process may also be considered by the court, and while not conclusive on the question of service, it constitutes prima facie evidence of the matters stated in the return, which can be overcome only by strong and convincing evidence. However, when the averments in the affidavit filed by the defendant in support of the Rule 12(b)(5) motion to dismiss are not controverted by the plaintiff, they are taken to be true for purposes of the motion.

5

61A Am. Jur.2d *Pleading* § 518 (footnotes omitted). A prima facie showing of valid service is presumptively correct and can be overcome only by strong and convincing evidence. *See Monster Heavy Haulers*, 2016 ND 176, ¶¶ 18-19; *see also Key Energy Servs., LLC v. Ewing Constr. Co., Inc.*, 2018 ND 121, ¶ 10, 911 N.W.2d 319. Once the plaintiff presents a prima facie case of valid service, the burden shifts to the defendant to present facts and documentation to establish service of process was insufficient. *See Monster Heavy Haulers*, at ¶ 19.

[¶14] One treatise has further discussed the parties' respective burdens when parties present competing evidence concerning the validity of service:

> The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity. . . . Normally the process server's return will provide a prima facie case as to the facts of service but if the defendant introduces uncontroverted affidavits in support of a motion to quash service, the content of those affidavits will be deemed admitted for purposes of the motion. Of course, when the defendant supports a motion to quash service with an affidavit denying the validity of service, the plaintiff may present counter-affidavits, depositions, or oral testimony, or the plaintiff may move for a continuance of the hearing on the defendant's motion so that he may conduct discovery on the service's propriety.
>
> *Any factual question raised by the affidavits or other evidence presented on a Rule 12(b)(4) or 12(b)(5) motion should be determined by the district court in accordance with Rule 12(i)*, except that factual issues intertwined with the merits of the case may have to wait until trial for their resolution and cause a deferral of the decision of the motion. As usually is true of other Rule 12(b) motions, a dismissal under Rule 12(b)(4) or 12(b)(5) is not on the merits and has no res judicata effect.

5B Charles A. Wright, Arthur R. Miller, Mary K. Kane, & A. Benjamin Spencer, *Fed. Prac. & Proc. Civ.* § 1353 (3d ed. April 2020 Update) (emphasis added). "Since the defense of improper service of process involves a matter in abatement and does not go to the merits of the action, it is technically not proper to raise it by a summary judgment motion." *Id.*

6

[¶15] Rule 12(i), N.D.R.Civ.P., provides: "If a party so moves, any defense listed in Rule 12(b)(1)-(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be decided before trial unless the court orders a deferral until trial." Unless the motion is under N.D.R.Civ.P. 12(b)(6) or N.D.R.Civ.P. 12(c), a district court may consider matters outside of the pleadings without treating the motion as a summary judgment motion under N.D.R.Civ.P. 56. *See* N.D.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Under N.D.R.Civ.P. 43(b), "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." *See also* N.D.R.Ct. 3.2(b) (providing the court may hear oral argument on any motion and may require oral argument or require evidence on the motion after reviewing the parties' submissions).

[¶16] We will consider federal court decisions interpreting parallel rules for further guidance on the necessity of an evidentiary hearing. *See, e.g., Envtl. Law & Policy Ctr. v. N.D. Pub. Serv. Comm'n*, 2020 ND 192, ¶¶ 16-18, 948 N.W.2d 838 (explaining a court may evaluate its jurisdiction under Rule 12(b)(1) without an evidentiary hearing as long as the parties are afforded notice and a fair opportunity to be heard); *see also Choice Fin. Grp. v. Schellpfeffer*, 2006 ND 87, ¶ 12, 712 N.W.2d 855 ("Although not binding, federal court interpretations of a corresponding federal rule of civil procedure are highly persuasive in construing our rule.").

[¶17] For example, in *Blair v. City of Worcester*, 522 F.3d 105, 110 (1st Cir. 2008), the district court dismissed the plaintiffs' original action for insufficient service of process under Fed.R.Civ.P. 12(b)(5). On appeal, the plaintiffs did not contend the existing record substantiated that they had provided adequate service of process on the defendants. *Blair*, at 110. Rather, the plaintiffs argued the district court erred by denying their specific request for limited discovery and an evidentiary hearing to determine whether a particular individual was an agent authorized to accept service of process for the defendants. *Id.* The court concluded that the defendants had presented evidence in the district

7

court effectively rebutting the presumption arising from the returns of service and the ultimate burden of proving proper service returned to the plaintiffs. *Id.* at 112. The court further concluded that the plaintiffs' circumstantial evidence sufficiently raised a permissible inference the defendants had authorized the individual in the past to act as their agent for service of process, that the defendants' self-serving affidavits were "not so powerful as to resolve the matter definitively," and that the plaintiffs had clearly established prejudice. *Id.* at 114. The court therefore held the district court abused its discretion by dismissing the action without first permitting the plaintiffs' requested discovery and evidentiary hearing, given the factual uncertainty concerning agency. *Id.*

[¶18] In *Messier v. Bushman*, 197 A.3d 882, 888 (Vt. 2018), the Vermont Supreme Court explained that while a motion under Rule 12(b)(5) is not converted into a summary judgment motion by considering materials outside the record, the trial court has discretion on how to determine the motion:

> Because this motion was properly one seeking dismissal for improper service, we disagree with Messier that in this context consideration of materials outside of the pleadings converted this motion into one for summary judgment. This would be true if the motion was actually one for judgment on the pleadings and materials beyond the pleadings are considered. *Lueders v. Lueders*, 152 Vt. 171, 172, 566 A.2d 404, 405 (1989). On a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, or insufficiency of service of process, consideration of matters outside the pleadings is permissible. *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1010-11 (2d Cir. 1986). The court had "considerable procedural leeway" on how to determine the motion, including conducting an evidentiary hearing. *Roman Catholic Diocese of Burlington, Inc. v. Paton Insulators*, 146 Vt. 294, 296, 501 A.2d 1187, 1188 (1985). Where, as here, written materials have raised issues of credibility or disputed issues of fact, an evidentiary hearing is preferable. *Id.*

The court in *Messier*, 197 A.3d at 889, acknowledged that "[w]hile the trial court would have been within its purview to reconcile the conflicting evidence in favor of either side," the trial court's failure "to at least acknowledge" the

plaintiff's conflicting evidence suggested it did not consider all the evidence it had before it. The court held further proceedings under Rule 12(b)(5) were therefore necessary to enable the trial court to resolve the competing evidence regarding compliance with the statutory service provision. *Id.*

[¶19] While an evidentiary hearing on a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, or insufficiency of service of process may be "preferable" under certain circumstances, *e.g.*, *Messier*, 197 A.3d at 888, the district court nonetheless retains wide discretion and "considerable procedural leeway" in deciding the motion. *See also* 61A Am. Jur.2d *Pleading* § 511 ("The court has considerable procedural leeway and, while it may determine the motion on the basis of affidavits alone, it may also permit discovery in aid of the motion, and it may conduct an evidentiary hearing on the merits."); 35B C.J.S. *Federal Civil Procedure* § 848 (June 2020 Update) ("The key considerations in determining whether the court may decide factual challenges on a motion to dismiss for lack of jurisdiction without convening an evidentiary hearing are whether the parties have had a full and fair opportunity to present relevant facts and arguments and whether either party seasonably requests an evidentiary hearing.").

[¶20] The question here is whether WSI's showing in the district court was sufficient to defeat Oden's motion to dismiss under N.D.R.Civ.P. 12(b)(5) for insufficient service of process. In WSI's initially filed affidavit of service, its process server states he served process on Oden's adult daughter on July 11, 2018, at Oden's usual place of abode at a residence on a specified street address in Raymore, Missouri. In support of his motion to dismiss, however, Oden submitted an affidavit stating that he lived at a different address in Belton, Missouri, which had been his dwelling and usual place of abode for approximately 18 months, since about October 2017, and it was where he was living when his daughter was served with the summons. He also stated that while he leased the residence in Raymore, Missouri, he does not reside at that address, and he subleases this property to his daughter and her husband.

[¶21] In response to the motion to dismiss, WSI submitted another affidavit from its process server stating that, to the best of his recollection, the

9

individual with whom he left the documents confirmed that Oden resided at the Raymore residence and that she was a co-resident and Oden's daughter. The process server stated there was no argument or dispute and he thought he remembered Oden's daughter telling him Oden was out of town because of his employment as a trucker. The process server's affidavit also states that he confirmed her identity on Facebook and noted a vehicle outside the residence that matched a description provided to him.

[¶22] After the hearing, Oden submitted a response, which included an affidavit from his daughter that contradicted the process server's affidavit. Oden did not submit other documentary evidence supporting his and his daughter's assertion of a sublease. Rather than immediately seeking to depose the process server and requesting a full evidentiary hearing to resolve conflicting facts on his motion, Oden only alternatively requested additional discovery if the court did not rule in his favor to dismiss the matter.

[¶23] The district court considered the parties' conflicting affidavits, looking at the facts in the light most favorable to WSI. The court considered the process server's affidavit, which stated he left the summons and complaint with Oden's daughter, approximately 25 years of age, at a residence in Raymore, Missouri, and that she confirmed Oden resided at the address and was a co-resident. The process server identified a vehicle present matching a description provided to him. The court also considered Oden's daughter's affidavit, which stated she had informed the process server her father did not live at the residence. Oden's daughter asserted in her affidavit the vehicle was her mother's, Oden's ex-wife. Oden's affidavit confirms that while he does lease the premises, he asserts that he sublets to his daughter and her husband and that his dwelling and usual place of abode was at a different street address in Belton, Missouri, at the time of service in July 2018.

[¶24] Presented with the pleadings and affidavits, the district court held the process server had no motive or reason to fabricate statements, while Oden's daughter was an interested party. Viewing the evidence in the light most favorable to WSI, the court held that Oden had not rebutted WSI's evidence establishing proper service and that proper service was made under

N.D.R.Civ.P. 4(d)(2)(A)(ii). On this record the court did not err in concluding Oden failed to overcome WSI's prima facie case. We conclude WSI established the court did not err in ruling service of process was sufficient and the court had personal jurisdiction over Oden in the collection action. The court properly denied Oden's motion to dismiss for insufficient service of process.

[¶25] In moving to dismiss for insufficient service of process, Oden did not request a full evidentiary hearing. In responding to WSI's response and affidavit, Oden requested additional discovery only if the court did not rule in his favor. Because Oden did not request a full evidentiary hearing on his motion to dismiss, we cannot say the district court abused its discretion by failing to hold one. The pivotal issue on appeal, therefore, is whether the court abused its discretion by not granting jurisdictional discovery and reserving its ruling to allow Oden an opportunity to depose the process server.

[¶26] The district court's decision whether to grant jurisdictional discovery lies within its sound discretion. *Franciere*, 2020 ND 143, ¶¶ 17-21. In *Franciere*, at ¶ 18, we explained:

> A district court has broad discretion regarding the scope of discovery, and the court's discovery decisions will not be reversed on appeal unless the court abuses its discretion. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. An abuse of discretion by the district court is never assumed, and the burden is on the party seeking relief affirmatively to establish it. The party seeking relief must show that the court positively abused its discretion and not that the court made a "poor" decision.

(Citations and quotations omitted.)

[¶27] On these facts and circumstances, we cannot conclude the district court abused its discretion because Oden has not affirmatively established it. Oden moved to dismiss and only alternatively sought an opportunity to conduct jurisdictional discovery by taking the deposition of the process server if the court did not rule in his favor. Further, additional evidence and supporting

11

documentation about Oden's alleged "dwelling and usual place of abode" would likely have already been in his possession. The court properly relied on the parties' competing affidavits to decide his motion and did not abuse its discretion by deciding Oden's motion to dismiss without allowing further time for jurisdictional discovery.

## III

[¶28] Oden argues the district court erred in granting summary judgment to WSI. Summary judgment is proper only if no genuine issues of material fact or inferences can reasonably be drawn from undisputed facts or if the only issues to be resolved are questions of law. *Brock v. Price*, 2019 ND 240, ¶ 10, 934 N.W.2d 5; *see* N.D.R.Civ.P. 56(c)(3) ("The judgment sought shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.").

[¶29] Our standard for reviewing a summary judgment is well established:

> In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Brock*, 2019 ND 240, ¶ 10 (quoting *Smithberg v. Smithberg*, 2019 ND 195, ¶ 6, 931 N.W.2d 211). In reviewing summary judgment motion, we also consider

12

the substantive evidentiary standard of proof. *George v. Veeder*, 2012 ND 186, ¶ 6, 820 N.W.2d 731; *Dahl v. Messmer*, 2006 ND 166, ¶ 8, 719 N.W.2d 341.

A

[¶30] Oden argues the district court erred in granting summary judgment based on Oden's failure to seek reconsideration of WSI's March 2016 notice of decision, which reversed the award of benefits and sought reimbursement under N.D.C.C. § 65-05-05.

[¶31] Section 65-05-05(2), N.D.C.C., provides:

> If an employee, or any person seeking benefits because of the death of an employee, applies for benefits from another state for the same injury, the organization will suspend all future benefits pending resolution of the application. If an employee, or any person seeking benefits because of the death of an employee, is determined to be eligible for benefits through some other state act or enters an agreement to resolve a claim through some other state act, no further compensation may be allowed under this title *and the employee, or any person seeking benefits because of the death of an employee, must reimburse the organization for the entire amount of benefits paid.*

(Emphasis added.) "The legislative intent of this provision was to compel the claimant to seek worker's compensation benefits in just one jurisdiction in order to avoid duplication of benefits." *Brock*, 2019 ND 240, ¶ 15 (quoting *Griffin v. N.D. Workers Comp. Bureau*, 466 N.W.2d 148, 151 (N.D. 1991)).

[¶32] When issuing a notice of decision, N.D.C.C. § 65-01-16(3) requires that WSI "serve the notice of decision on the parties by regular mail." The notice of decision "must include a statement of the decision, a short summary of the reason for the decision, and notice of the right to reconsideration." *Id.* Under N.D.C.C. § 65-01-16(4), "[a] party has thirty days from the day the notice of decision was mailed by [WSI] in which to file a written request for reconsideration. . . . Absent a timely and sufficient request for reconsideration, the notice of decision is final and may not be reheard or appealed." In this case, WSI's March 2016 notice of decision reversing its award and seeking

13

reimbursement specifically states: "If a request for reconsideration is not received within 30 days, this decision will be final."

[¶33] Under N.D.C.C. § 65-05-03, WSI has "full power and authority to hear and determine all questions within its jurisdiction, and its decisions, except as provided in chapter 65-10, are final and *are entitled to the same faith and credit as a judgment of a court of record*." (Emphasis added.) WSI retains statutory authority to exercise continuing jurisdiction to reopen and review claims under N.D.C.C. § 65-05-04. *Plains Trucking, LLC v. Cresap*, 2019 ND 226, ¶ 17, 932 N.W.2d 541; *Carlson v. Workforce Safety & Ins.*, 2012 ND 203, ¶ 14, 821 N.W.2d 760; *see also* N.D.C.C. § 65-01-16(10) ("Any notice of decision, administrative order, or posthearing administrative order is subject to review and reopening under section 65-05-04.").

[¶34] "The doctrine of administrative res judicata prevents collateral attacks on administrative agency decisions and protects the parties from duplicative proceedings." *Plains Trucking*, 2019 ND 226, ¶ 18 (quoting *Fischer v. N.D. Workers Comp. Bureau*, 530 N.W.2d 344, 347 (N.D. 1995)). While administrative res judicata contemplates agency action taken in an adjudicative or trial-type proceeding which resolves disputed issues the parties have had an adequate opportunity to litigate, we have also explained that "an administrative decision becomes final and cannot be collaterally attacked in another proceeding when a party fails to avail itself of a statutory remedy for appeal." *Plains Trucking*, at ¶ 18; *see also Sabo v. Job Serv. N.D.*, 2019 ND 98, ¶ 7, 925 N.W.2d 437; *Heasley v. Engen*, 124 N.W.2d 398, 400 (N.D. 1963).

[¶35] Here, the district court held it was undisputed Oden did not request reconsideration in accordance with N.D.C.C. § 65-01-16. Although Oden had argued WSI should have mailed the notice of decision via certified mail and implied no conclusive proof showed he received the documents from WSI, the court noted that North Dakota law does not require WSI to mail notices via certified mail and that N.D.C.C. § 65-01-16(3) only requires WSI to serve the notice of decision by regular mail. Further, the court noted N.D.C.C. § 31-11-03(24) creates a rebuttable presumption that "a letter duly directed and mailed was received in the regular course of the mail." The court held WSI had by way

of affidavit established a rebuttable presumption of delivery when it stated it mailed the notices to Oden. The court held the burden shifted to Oden to show he did not receive the notice.

[¶36] Although Oden's affidavit averred that he did not receive the correspondence mailed to his former Belton, Missouri address by WSI's claims adjuster, the court held as a matter of law that Oden had not sufficiently rebutted the presumption of delivery. The court further held Oden's Missouri counsel had in fact received correspondence from WSI and had responded to WSI in late-March 2016. WSI responded to his attorney's correspondence by sending Oden an April 1, 2016 letter, with a copy going to his Missouri attorney, informing Oden that WSI could not recognize his out-of-state attorney as his counsel and that he needed to retain an attorney licensed in North Dakota to request reconsideration or he could do so on his own behalf.

[¶37] Notably, the district court held his Missouri counsel's affidavit concedes he had received the correspondence from WSI, informing him that WSI would be seeking reimbursement for any amounts that it paid out to Oden if he were to pursue a claim under Missouri law. The court held that this defeated Oden's claim that he never received the correspondence from WSI. Moreover, the court also held Oden did not dispute he had received notice stemming from WSI's earlier October 2013 notice of decision. The court therefore rejected Oden's claims that he did not know he would be required to reimburse WSI.

[¶38] Oden argues on appeal the district court erred in granting summary judgment to WSI and asserts the existence of material factual issues by arguing, alternatively, that he did not receive the March 2016 notice of decision or that his Missouri attorney had requested reconsideration on his behalf, despite not being licensed to practice in North Dakota. He argues the district court erred in granting summary judgment based on his failure to file a timely motion for reconsideration. He argues Oden, through his Missouri counsel, did file a timely motion for reconsideration as evidenced by the "admission" of WSI's claims adjuster. He further contends that if his Missouri counsel's correspondence does not constitute a motion for reconsideration, this was attributable solely to the failure of WSI to serve proper notice on him.

15

[¶39] Here, it is undisputed that, after his Missouri counsel had initially requested reconsideration of WSI's March 2016 notice of decision, Oden did not personally or through a North Dakota-licensed attorney on his behalf request reconsideration of that decision reversing its benefits award and seeking reimbursement of $62,452.91. Oden has essentially sought in this action to collaterally attack WSI's final decision requiring him to reimburse WSI for the benefits.

[¶40] To the extent Oden contends his Missouri counsel requested reconsideration of WSI's March 2016 notice of decision, our decision in *Carlson v. Workforce Safety & Ins.*, 2009 ND 87, ¶¶ 34-36, 765 N.W.2d 69, is dispositive. In *Carlson*, this Court held that because nonresident attorneys had failed to timely comply with the requirements for pro hac vice admission, their corporate client's request for reconsideration by its non-attorney agents was void. *Id.* We conclude Oden's arguments on appeal attempting to distinguish *Carlson* and contending his Missouri attorney was permitted to request reconsideration before WSI on his behalf are unavailing.

[¶41] Moreover, the failure of either Oden or a North Dakota-licensed attorney to request timely reconsideration of the March 2016 decision under N.D.C.C. § 65-01-16, rendered the decision final and entitled "to the same faith and credit as a judgment of a court of record" under N.D.C.C. § 65-05-03. Because Oden did not administratively challenge the March 2016 WSI notice of decision, the district court did not err in granting summary judgment in favor of WSI. We conclude the court did not err in granting WSI's motion for summary judgment on this basis.

[¶42] We further conclude the district court did not err in denying Oden's request in his reply brief for a continuance under N.D.R.Civ.P. 56(f) for additional depositions to be conducted. As explained by the district court, while Oden asserted a deposition of WSI's in-house counsel was necessary, Oden did not state what information he hoped to reveal and had only recited conclusory, general allegations that depositions were needed. The court could not tell how deposing the in-house counsel "would in any way combat the fact that Oden had notice of WSI's claim for reimbursement." We agree.

16

# B

[¶43] Oden argues the district court erred in granting summary judgment because a genuine issue of material fact exists on whether WSI's claim for reimbursement is barred by the legal doctrine of "accord and satisfaction."

[¶44] "[A]ccord and satisfaction" is an affirmative defense to a claim. *See* N.D.R.Civ.P. 8(c)(1). A party asserting an affirmative defense has the burden to prove that defense. *Matter of Estate of Sande*, 2020 ND 125, ¶ 13, 943 N.W.2d 826 (citing *Mougey v. Salzwedel*, 401 N.W.2d 509, 513 (N.D. 1987)). Under N.D.C.C. § 9-13-04, an "accord" is defined as "an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled." Section 9-13-05, N.D.C.C., provides that "[a]cceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction." We have further explained "accord and satisfaction" as:

> "[A] method of discharging a contract or cause of action by which the parties agree to give and accept something in settlement of a claim or demand of one against the other, where they thereafter perform such agreement." *Campbell v. Beaton*, 117 N.W.2d 849, 850 (N.D. 1962). The "accord" is the agreement and the "satisfaction" is its execution or performance. *Beaton*, supra; §§ 9-13-04 and 9-13-05, N.D.C.C.

*Estate of Sande*, at ¶ 14 (quoting *Mougey*, at 513); *see also Wheeler v. Southport Seven Planned Unit Dev.*, 2012 ND 201, ¶ 22, 821 N.W.2d 746; *Peterson v. Ramsey Cty.*, 1997 ND 92, ¶ 9, 563 N.W.2d 103.

[¶45] An essential element of "accord and satisfaction" is an agreement evidencing the parties' mutual assent. *Mougey*, 401 N.W.2d at 513. Whether an accord and satisfaction exists is a question of fact "unless the evidence is of a nature that a reasonable person could draw but one conclusion." *Id.* (citing *Shirazi v. United Overseas, Inc.*, 354 N.W.2d 651, 654 (N.D. 1984)). Summary judgment is appropriate when a party bearing the burden of proof at trial fails to establish the existence of a material factual dispute on an essential element. *See Ortega v. Sanford Bismarck*, 2019 ND 133, ¶ 10, 927 N.W.2d 872.

17

[¶46] Here, the district court rejected Oden's assertions that WSI was a party to the Missouri settlement. Although the stipulation for compromise settlement was signed by an attorney "John D. Jurcyk" as "attorney for employer/insurer," the court held that was not sufficient to show WSI was in fact a party to the settlement. The court held that Oden failed to sustain his burden of showing an agency relationship between WSI and Jurcyk by clear and convincing evidence. Although Oden submitted an affidavit from his Missouri counsel stating that Jurcyk had represented to him and his client that he represented WSI, the court refused to rely on uncorroborated hearsay statements offered by Oden's Missouri counsel.

[¶47] The district court held that while Oden did not offer an affidavit from attorney Jurcyk to support his cross-motion for summary judgment, WSI had submitted an affidavit from its in-house counsel stating WSI did not retain counsel in connection with the Missouri settlement and no attorney was authorized to settle WSI's claim for reimbursement. The court deemed WSI's in-house counsel's affidavit to be competent admissible evidence. The court concluded there was no evidence in the record to support ostensible authority and there was no mutual assent to support an "accord and satisfaction" because WSI was not a party to the settlement. The court therefore held WSI could not be bound by the Missouri settlement agreement.

[¶48] Oden argues the district court erred by making a factual finding that WSI was not a party to the settlement agreement and erred by limiting its consideration to the affidavits filed by Oden's Missouri counsel and by WSI's in-house counsel. He contends the court disregarded the settlement document itself and failed to apply the proper summary judgment standard. He contends that when viewed in the light most favorable to him and giving him the benefit of all favorable inferences drawn from Oden's affidavit, his Missouri attorney's affidavit, and the settlement document, an issue of fact exists on whether WSI should be bound. Oden further asserts that WSI is specifically "listed" as a party in the settlement document, the agreement states the settlement resolves all issues between the parties, and attorney Jurcyk represented he was authorized to act on behalf of both Minot Builders Supply and WSI. He

18

asserts his Missouri counsel's affidavit raises a genuine issue of material fact and the issue can only be fleshed out through additional discovery.

[¶49] In *Weinreis v. Hill*, 2005 ND 127, ¶ 10, 700 N.W.2d 692, we explained apparent or ostensible authority:

> The party alleging the existence of agency based upon ostensible authority has the burden of proving agency by clear and convincing evidence. *Transamerica Ins. Co. v. Standard Oil Co.*, 325 N.W.2d 210, 214 (N.D. 1982); *Farmers Union Oil Co. of Dickinson v. Wood*, 301 N.W.2d 129, 133–34 (N.D. 1980). Ostensible or apparent authority "is such as the principal intentionally or by want of ordinary care causes or allows a third person to believe the agent to possess." N.D.C.C. § 3-02-02. "A principal is bound by acts of his agent under a merely ostensible authority to those persons only who in good faith and without ordinary negligence have incurred a liability or parted with value upon the faith thereof." N.D.C.C. § 3-03-03.

[¶50] We agree with the district court's conclusion. While Oden asserts the plain language of the settlement agreement, a signature purporting to be on behalf of the "insurer," and his Missouri counsel's affidavit create a genuine dispute of material fact, Oden has not provided any evidence showing WSI allowed any third party to believe the attorney had authority to represent it in settling the claims. Moreover, N.D.C.C. § 54-12-08(1) specifically provides that WSI, and certain other governmental agencies, "may employ attorneys to represent them[,]" but "[t]he attorneys that represent these entities must be special assistant attorneys general appointed by the attorney general pursuant to this section." *Cf.* N.D.C.C. § 65-01-12 ("Upon the request of [WSI], the attorney general shall institute and prosecute the necessary actions or proceedings for the enforcement of this title or for the recovery of any money due the fund or of any penalty provided for in this title, and shall defend all suits, actions, or proceedings brought against the organization or any of its employees in the attorney general's official capacity.").

[¶51] On this record, we conclude Oden failed to raise a genuine issue of material fact establishing that WSI was a party to the settlement agreement

and that the attorney executing the settlement on behalf of the "insurer" had authority, ostensible or otherwise, to bind WSI to the agreement and to waive its claims for reimbursement under N.D.C.C. § 65-05-05. We therefore conclude the court did not err in denying Oden's cross-motion for summary judgment and granting summary judgment to WSI.

C

[¶52] Oden argues the district court's decision granting summary judgment in favor of WSI is in direct contravention of its legal duty to recognize and enforce a 2019 Missouri judgment under the Full Faith and Credit Clause, 28 U.S.C. § 1738, and N.D.C.C. § 28-20.1-01. He requests this Court take judicial notice of a Missouri judgment subsequently entered in 2019 on the Stipulation for Compromise Settlement.

[¶53] Rule 201, N.D.R.Ev., provides:

> (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>> (1) is generally known within the trial court's territorial jurisdiction; or
>> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
> (c) Taking Notice. The court:
>> (1) may take judicial notice on its own; or
>> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
> (d) Timing. The court may take judicial notice at any stage of the proceeding.
> (e) Opportunity to Be Heard. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.
> (f) Instructing Jury. The court must instruct the jury to accept as conclusive any fact judicially noticed.

[¶54] This Court has said that, except for jurisdictional matters and the taking of judicial notice, we generally consider only those issues raised in the district court. *See Tarnavsky v. Rankin*, 2009 ND 149, ¶ 8, 771 N.W.2d 578; *First Nat'l Bank of Hettinger v. Clark*, 332 N.W.2d 264, 267 (N.D. 1983). Under N.D.R.Ev. 201, we have considered parties' requests for this Court to take judicial notice on appeal. *See, e.g., Wisnewski v. Wisnewski*, 2020 ND 148, ¶ 18, 945 N.W.2d 331 (taking judicial notice on appeal that a domestic violence protection order entered into evidence in the district court had been extended); *State v. Vetter*, 2019 ND 262, ¶¶ 5-6, 934 N.W.2d 543 (denying request to take judicial notice on appeal of subsequent filings because facts were not available to the district court below and were subject to reasonable dispute); *Brock*, 2019 ND 240, ¶ 5 (taking judicial notice of a WSI notice of decision referenced by the district court in its order).

[¶55] Subsequent to the district court's summary judgment decision in this case, Oden obtained a Missouri state court judgment in 2019 on the Missouri workers' compensation award, which was issued in favor of Oden and against WSI. Oden asserts on appeal that the 2019 Missouri judgment is a final judgment and was registered in the District Court of Grand Forks County, North Dakota, in November 2019. Oden has included the judgment in the appendix to his brief, suggests it is mandatory for this Court to take judicial notice of the judgment under N.D.R.Ev. 201(c)(2), and argues the Missouri judgment resolved all issues and claims between the parties.

[¶56] Although Oden suggests that this Court is required to take judicial notice of the 2019 Missouri judgment and related documents, courts have generally rejected mandatory judicial notice on appeal. *See* Kenneth W. Graham, Jr., 21B *Fed. Prac. & Proc. Evid.* § 5110.1 & n.79 (2d ed. October 2020 Update) (cases cited therein) ("We need not belabor the point because the few courts that have considered the question have rejected mandatory judicial notice on appeal. Similarly the writers uniformly disapprove the notion—at least where no request for judicial notice was made in the trial court."). We note that the 2019 Missouri judgment was entered after the district court made its summary judgment decision in this case and that the Missouri judgment has been registered and subject to proceedings in another district court.

[¶57] We deny Oden's request that we take judicial notice of the subsequently entered Missouri judgment in this appeal.

IV

[¶58] We have considered Oden's remaining arguments and deem them to be without merit or unnecessary to our opinion. The judgment is affirmed.

[¶59] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte